**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVLYN ANDRADE-HEYMSFIELD, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>NEXTFOODS, INC.,<br><br>Defendant. | Case No: 21-cv-1446-BTM-MSB<br><br>**PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS**<br><br>Judge: Hon. Barry T. Moskowitz<br>Date: December 10, 2021<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## <u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ............................................................................................... 1

FACTS ............................................................................................................... 1

ARGUMENT ..................................................................................................... 2

I.     PLAINTIFF'S CLAIMS ARE PLAUSIBLE ...................................... 2

        A.     It is Plausible that Reasonable Consumers are Likely to be Deceived ................................................................................... 2

        B.     Plaintiff Alleges the JuiceDrinks Contain Excessive Sugar .................... 7

        C.     Plaintiff Alleges Excessive Sugar Consumption Causes Disease ........... 8

        D.     The Challenged Health and Wellness Representations Are Not Puffery ................................................................................... 12

        E.     NextFoods Cannot Distinguish *Hadley*, *Krommenhock*, or *McMorrow* ............................................................................. 12

II.    PLAINTIFF HAS STANDING UNDER THE UCL, FAL, AND CLRA ........ 14

        A.     Plaintiff Sufficiently Alleges She Purchased the JuiceDrinks During the Class Period in Reliance on the Challenged Claims ............. 14

        B.     Given the Case Theory and the JuiceDrinks' Composition, Plaintiff has Standing to Challenge Statements Made on All Varieties ................................................................................. 15

III.   PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF ............. 17

III.   PLAINTIFF STATES CLAIMS FOR BREACH OF WARRANTY .............. 19

        A.     Breach of Express Warranty ................................................... 19

B.   Breach of Implied Warranty ................................................19

IV.   PLAINTIFF ALLEGES THE INADEQUACY OF LEGAL REMEDIES ......20

A.   Dismissal of Plaintiff's Equitable Claims Would be Premature.............20

B.   Plaintiff's Legal Remedies are Inadequate Because Her Legal Claims are Not for the Same Amount of Money and Harm as Her Equitable Claims ..........................................................21

C.   Plaintiff's Legal Remedies are Inadequate to Prevent Future Harm ..........................................................................24

CONCLUSION ..........................................................................25

1

## <u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3

4

*Allen v. Hylands, Inc.*,
5
   773 Fed. App'x 870 (9th Cir. 2019)......................................................................21

6

*Alvarado v. Wal-Mart Assocs., Inc.*,
7
   2020 WL 6532868 (C.D. Cal. Oct. 22, 2020)........................................................23

8

*Andrade-Heymsfield v. Danone US, Inc.*,
9
   2019 WL 3817948 (S.D. Cal. Aug. 14, 2019) .........................................................7

10

*Ang v. Bimbo Bakeries USA, Inc.*,
11
   2014 WL 1024182 (N.D. Cal. Mar. 13, 2014).......................................................15

12

*Autodesk, Inc. v. Alter*,
13
   2017 WL 1862505 (N.D. Cal. May 9, 2017)..........................................................21

14

*Balser v. Hain Celestial Group, Inc.*,
15
   640 Fed. App'x 694 (9th Cir. 2016)........................................................................6

16

*Boswell v. Costco Wholesale Corp.*,
17
   2016 WL 3360701 (C.D. Cal. June 6, 2016) ....................................................5, 11

18

*Brady v. Bayer Corp.*,
19
   26 Cal. App. 5th 1156 (2018) .................................................................................5

20

*Bruton v. Gerber Prods. Co.*,
21
   2014 WL 172111 (N.D. Cal. Jan. 15, 2014) ........................................................12

22

*Burchfield v. Prestige Consumer Healthcare, Inc.*,
23
   2021 WL 3824856 (C.D. Cal. Apr. 16, 2021) ........................................................5

24

*Clark v. Perfect Bar*,
25
   2018 WL 7048788 (N.D. Cal. Dec. 21, 2018).....................................................5, 6

26

*Clemens v. DaimlerChrysler Corp.*,
27
   534 F.3d 1017 (9th Cir. 2008)...............................................................................20

28

*Coe v. General Mills, Inc.*,
   2016 WL 4208287 (N.D. Cal. Aug. 10, 2016) ...................................................4

*Cook, Perkiss, & Liehe, Inc., v. N. Cal. Collection Serv., Inc.*,
   911 F.2d 242 (9th Cir. 1990)...........................................................................12

*Cortez v. Purolator Air Filtration Prods. Co.*,
   23 Cal. 4th 163 (2000) ....................................................................................22

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018)......................................................................17, 18

*Dinan v. Sandisk LLC*,
   2019 WL 2327923 (N.D. Cal. May 31, 2019) ...................................................7

*Dysthe v. Basic Rsch. LLC*,
   2011 WL 5868307 (C.D. Cal. June 13, 2011) .................................................16

*Eason v. Roman Catholic Bishop of San Diego*,
   414 F. Supp. 3d 1276 (S.D. Cal. 2019)...........................................................20

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016)..............................................................................7

*Edleson v. Travel Ins. Int'l, Inc.*,
   2021 WL 4334075 (S.D. Cal. Sept. 23, 2021).................................................20

*Elgindy v. AGA Serv. Co.*,
   2021 WL 1176535 (N.D. Cal. Mar. 29, 2021)..................................................22

*Fernandez v. Atkins Nutritionals, Inc.*,
   2018 WL 280028 (S.D. Cal. Jan. 3, 2018).......................................................14

*Fuchs v. State Farm Gen. Ins. Co.*,
   2017 WL 4679272 (C.D. Cal. Mar. 6, 2017)....................................................10

*Gallagher v. Bayer AG*,
   2015 WL 1056480 (N.D. Cal. Mar. 10, 2015)....................................................9

*Goldman, Sachs & Co. v. NECA-IBEW Health & Welfare Fund*,
   568 U.S. 1228 (2013).......................................................................................18

*Grivas v. Metagenics, Inc.*,
   2018 WL 6185977 (C.D. Cal. Jan. 4, 2018) ........................................................16

*Gross v. Vilore Foods Co., Inc.*,
   2020 WL 6319131 (S.D. Cal. Oct. 28, 2020) .....................................................24

*Haas v. Travelex Ins. Servs. Inc.*,
   2021 WL 3682309 (C.D. Cal. Aug. 19, 2021)...........................................24, 25

*Hadley v. Kellogg Sales Co.*,
   2021 WL 3700746 (N.D. Cal. June 15, 2021) ......................................................4

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...............................................................19

*Hadley v. Kellogg Sales Co.*,
   273 F. Supp. 3d 1052 (N.D. Cal. 2017) ..................................................... passim

*Hadley v. Kellogg Sales Co.*,
   324 F. Supp. 3d 1084 (N.D. Cal. 2018) ..........................................................3, 6

*Ham v. Hain Celestial Group, Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) .................................................................19

*Hanson v. Welch Foods Inc.*,
   470 F. Supp. 3d 1066 (N.D. Cal. 2020) ...........................................2, 11, 12, 19

*Harris v. Las Vegas Sands LLC*,
   2013 WL 5291142 (C.D. Cal. Aug. 16, 2013)...................................................18

*Harris v. McDonald's Corp.*,
   2021 WL 2172833 (N.D. Cal. Mar. 24, 2021)...................................................21

*Hauter v. Zogarts*,
   14 Cal. 3d 104 (1975)............................................................................................19

*Hazlin v. Botanical Labs., Inc.*,
   2013 WL 12076470 (S.D. Cal. Aug. 8, 2013) ...................................................11

*Henderson v. Gruma Corp.*,
   2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ...................................................18

*Hill v. Roll Int'l Corp.*,
   195 Cal. App. 4th 1295 (2011) .................................................................6

*Holt v. Foodstate, Inc.*,
   2015 WL 9592534 (S.D. Cal. Dec. 31, 2015).........................................17

*Hunter v. Nature's Way Prods., LLC*,
   2016 WL 4262188 (S.D. Cal. Aug. 12, 2016) ....................................20, 24

*In re 5-hour ENERGY Mktg. & Sales Pracs. Litig.*,
   2017 WL 385042 (C.D. Cal. Jan. 24, 2017) ...........................................16

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011)...............................................19, 20

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
   2011 WL 1059182 (S.D. Cal. Mar. 21, 2011) .........................................16

*Ingalls v. Spotify USA, Inc.*,
   2017 WL 3021037 (N.D. Cal. July 17, 2017)..........................................18

*Jackson v. Gen. Mills, Inc.*,
   2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) .........................................18

*Krommenhock v. Post Foods, LLC*,
   2018 WL 1335867 (N.D. Cal. Mar. 15, 2018)..........................................19

*Krommenhock v. Post Foods, LLC*,
   2020 WL 1139582 (N.D. Cal. Mar. 9, 2020)............................................17

*Krommenhock v. Post Foods, LLC*,
   2020 WL 6074107 (N.D. Cal. Sept. 29, 2020) ....................................21, 23

*Krommenhock v. Post Foods, LLC*,
   2021 WL 2910205 (N.D. Cal. June 25, 2021) ...........................................4

*Krommenhock v. Post Foods, LLC*,
   255 F. Supp. 3d 938 (N.D. Cal. 2017).........................................3, 9, 12, 15

*Krommenhock v. Post Foods, LLC*,
   334 F.R.D. 552 (N.D. Cal. 2020)..........................................................3, 9, 15

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ............................................................................14

*Maravilla v. Rosas Bros. Constr., Inc.*,
  401 F. Supp. 3d 886 (N.D. Cal. 2019) ...................................................23

*Marisco, Ltd. v. GL Eng'g & Constr. Pte., Ltd.*,
  2020 WL 3492572 (D. Haw. June 26, 2020)..........................................24

*Martinez v. Hub Grp. Trucking, Inc.*,
  2021 WL 937671 (C.D. Cal. Jan. 11, 2021) ..........................................23

*McFall v. Perrigo Co.*,
  2021 WL 2327936 (C.D. Cal. Apr. 15, 2021) ........................................23

*McMorrow v. Mondelez Int'l, Inc.*,
  2018 WL 3956022 (S.D. Cal. Aug. 17, 2018) ...............................3, 4, 9

*McMorrow v. Mondelez Int'l, Inc.*,
  2021 WL 5417183 (S.D. Cal. Nov. 19, 2021) ..........................................4

*Mier v. CVS Pharmacy, Inc.*,
  2021 WL 1559367 (C.D. Cal. Mar. 22, 2021).................................22, 25

*Milan v. Clif Bar & Co.*,
  2019 WL 3934918 (N.D. Cal. Aug. 20, 2019) ...............................3, 12, 13

*Milan v. Clif Bar & Co.*,
  489 F. Supp. 3d 1004 (N.D. Cal. 2020) .................................................17

*Minor v. Baker Mills, Inc.*,
  2021 WL 4522290 (N.D. Cal. May 20, 2021) ........................................24

*Mish V. TForce Freight, Inc.*,
  2021 WL 4592124 (N.D. Cal. Oct. 6, 2021)............................................23

*Moore v. Mars Petcare US, Inc.*,
  966 F.3d 1007 (9th Cir. 2020).................................................................5

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
  693 F.3d 145 (2d Cir. 2012)....................................................................18

*Newcal Indus., Inc. v. Ikon Office Solution*,
  513 F.3d 1038 (9th Cir. 2008) ............................................................... 12

*Oliver v. Hot Topic, Inc.*,
  2010 WL 4261473 (S.D. Cal. July 27, 2010) ......................................... 10

*Roper v. Big Heart Pet Brands, Inc.*,
  510 F. Supp. 3d 903 (E.D. Cal. 2020) ............................................. 20, 24

*Rothman v. Equinox Holdings, Inc.*,
  2021 WL 1627490 (C.D. Cal. Apr. 27, 2021) ......................................... 20

*Sandoval v. Pharmacare US, Inc.*,
  145 F. Supp. 3d 986 (S.D. Cal. 2015) .................................................... 11

*Shalikar v. Asahi Beer U.S.A., Inc.*,
  2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ........................................... 5

*Shanks v. Jarrow Formulas, Inc.*,
  2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) ......................................... 18

*Silver v. BA Sports Nutrition, LLC*,
  2020 WL 2992873 (N.D. Cal. June 4, 2020) ............................................. 7

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ..................................................... 20, 21, 24

*Spann v. J.C. Penney Corp.*,
  2015 WL 1526559 (C.D. Cal. Mar. 23, 2015) ......................................... 22

*Stewart v. Kodiak Cakes, LLC*,
  2021 WL 1698695 (S.D. Cal. Apr. 29, 2021) ......................................... 18

*Tomasino v. Estee Lauder Cos., Inc.*,
  2015 WL 1470177 (E.D.N.Y. Mar. 26, 2015) ......................................... 11

*Truxel v. General Mills*,
  2019 WL 3940956 (N.D. Cal. Aug. 13, 2019) ......................................... 5, 6

*Vasic v. Patent Health, LLC.*,
  2014 WL 940323 (S.D. Cal. Mar. 10, 2014) ........................................... 11

*Walters v. Vitamin Shoppe Indus., Inc.*,
  701 Fed. App'x 667 (9th Cir. 2017) ........................................................4

*Williams v. Gerber*,
  552 F.3d 934 (9th Cir. 2008) ...........................................................4, 17

*Wycap Marine Corp. v. Wycap Design, LLC*,
  2018 WL 7287086 (S.D. Fla. Dec. 18, 2018) ...................................21

*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1117 (C.D. Cal. 2010) ...........................................23

*Zeiger v. WellPet LLC*,
  526 F. Supp. 3d 652 (N.D. Cal. 2021) .............................................25

**Statutes**

Cal. Bus. & Prof. Code § 17535 ...........................................................21

Cal. Bus. & Prof. Code § 17203 ...........................................................21

Cal. Com. Code § 2315 .........................................................................19

**Other Authorities**

81 Fed. Reg. 33,742 (May 27, 2016) ....................................................11

## INTRODUCTION

NextFoods' Motion provides no salient reason for dismissal. As five other California district courts have found in analogous cases—both at the pleading and summary judgment stage—it is entirely plausible that reasonable consumers would be misled by health and wellness statements on foods and beverages containing high amounts or proportions of sugar. And the Complaint alleges NextFoods' JuiceDrinks are such products, bearing claims that they promote overall health and containing excessive amounts of sugar. Plaintiff also sufficiently alleges she purchased JuiceDrinks in 2018 and 2019, and that she read and relied on the four challenged labeling statements in deciding to purchase what she believed were healthy beverages. And because those statements expressly promise "overall wellness" and "Good[]Health," they are far from puffery, and sufficiently concrete to form an express warranty that the JuiceDrinks are healthy. Because Plaintiff premises her implied warranty claims on those *label* promises, an exception to the privity requirement applies. Finally, Plaintiff has standing to seek injunctive relief because she and other class members will be injured in the future absent such relief, and Plaintiff's legal remedies are inadequate to fully compensate her for the challenged harms because Plaintiff's equitable claims seek recovery for broader harms than her legal claims and allow for additional compensation beyond what Plaintiff could obtain in damages. Accordingly, the Court should deny NextFoods' Motion.

## FACTS

"Because of the compelling evidence that consuming juice is unhealthy, authoritative bodies recommend" that "no more than 10% of an adult's calories, and ideally less than 5%, come from free . . . added [ ], or [ ] natural sugars," Compl. at p. 24 & ¶ 66. The JuiceDrinks, however, "contain[] between 9g and 21g of free sugar, contributing 60% to 88% of [their] calories," *id.* ¶ 68, and this "excessive amount[] of free sugar[] render[s] them unhealthy and likely to increase risk of disease when consumed regularly." *Id.* ¶ 78.

Despite this, NextFoods markets its JuiceDrinks with label statements "conveying . . . that the JuiceDrinks are healthy or promote good bodily health," namely:

1

- "START YOUR <u>GOODHEALTH</u> GAME PLAN . . . Drink one 8 oz. glass of delicious GoodBelly a day for 12 days."

- "Reboot your belly, then make GoodBelly your daily drink <u>to keep your GoodHealth going</u>. Because when your belly smiles the rest of you does too."

- "WE DIG SCIENCE. LP299V is naturally occurring in the human gut. It has been studied more than 2 decades and has numerous research trials to show that it may help promote healthy digestion and <u>overall wellness</u>."

- "GoodBelly Probiotics is a delicious blend of fruit juices and a daily dose of probiotic cultures created to naturally renew your digestive health, right where your <u>overall health</u> gets started – in your belly."

*Id.* ¶ 11 (emphasis added). Each of these statements includes references to "good health" or "overall" "health" or "wellness" (as indicated by the underlined language above).

Plaintiff purchased the JuiceDrinks in reliance on these statements that unambiguously conveyed the JuiceDrinks were healthy, and was injured because they were *not* healthy, as represented. *See id.* ¶¶ 76-95. She alleges NextFoods' JuiceDrinks labeling violated California's False Advertising Law ("FAL"), Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and breached express and implied warranties in violation of the California Commercial Code. *Id.* ¶¶ 105-49. Plaintiff brings this action on behalf of a putative class of California purchasers, *id.* ¶ 96, "to enjoin NextFoods from deceptively marketing the JuiceDrinks, and to recover compensation for injured Class Members," *id.* ¶ 2.

## <u>ARGUMENT</u>

## I.   PLAINTIFF'S CLAIMS ARE PLAUSIBLE

### A.   It is Plausible that Reasonable Consumers are Likely to be Deceived

Since 2017, five separate district courts have found plausible allegations that health and wellness claims on sugary foods and beverages are misleading to reasonable consumers. *See Hanson v. Welch Foods Inc.*, 470 F. Supp. 3d 1066, 1074 (N.D. Cal. 2020) (finding plausible plaintiff's allegations that "heart health" labeling "representations [on grape juice] misled him, in that they indicated the product was healthy, when, according to [plaintiff], the product in fact increased consumers' risk of cardiovascular disease and related health

2

issues"); *Milan v. Clif Bar & Co.*, 2019 WL 3934918, at *2 (N.D. Cal. Aug. 20, 2019) ("Plaintiffs have laid out in painstaking and voluminous detail how this substantial percentage of added sugars in Clif's products can contribute to excessive sugar consumption, which in turn has been linked to many disease and detrimental health conditions. At this stage of the proceedings, the Court takes these allegations as true, and . . . concludes that plaintiffs have stated a claim" (internal record citation omitted)); *McMorrow v. Mondelez Int'l, Inc.*, 2018 WL 3956022, at *9 (S.D. Cal. Aug. 17, 2018) ["*McMorrow I*"] (plaintiffs "sufficiently alleged . . . that 'excessive' sugar creates health risks," such that "Plaintiffs' allegations illustrate a plausible basis that Defendants' statement could deceive a reasonable consumer with certain expectations of health that do not include the amount of sugar in the Products." (citations omitted)); *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938 (N.D. Cal. 2017) ["*Krommenhock I*"] (denying motion to dismiss consumer fraud claims regarding health and wellness statements on labels of sugary breakfast cereals); *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052 (N.D. Cal. 2017) ["*Hadley I*"] (same).

And in *Krommenhock*, *Hadley*, and *Milan*, the defendant moved for summary judgment, but in each case plaintiffs' claims survived. In *Krommenhock II*, for example, the court denied defendant's summary judgment motion, concluding "plaintiffs have ample, albeit disputed, evidence that the Products are not 'healthy' given the amounts of added sugar in them and considering consumer habits," *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 569 (N.D. Cal. 2020) ["*Krommenhock II*"]; *see also Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115 (N.D. Cal. 2018) ["*Hadley II*"] ("With regards to deception . . . Plaintiff has offered evidence of the nutritional content of the challenged products, as well as the testimony of two scientific experts . . . explaining the physiological effects of consuming the products and opining as to the veracity of their health and wellness claims in light of the best available science." (internal record citation and quotation marks omitted)).

Classes were certified on contested motions in *Milan*, *McMorrow*, *Krommenhock*, and *Hadley*. *See McMorrow v. Mondelez Int'l, Inc.*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021); *Krommenhock II*, 334 F.R.D. at 560-68; *Hadley II*, 324 F. Supp. 3d 1084. And three of the

3

certified actions have now settled, with Post, Kellogg, and Mondelez agreeing to establish $15 million, $13 million, and $8 million non-reversionary common funds, respectively, and to remove or modify the challenged health and wellness labeling claims. *See Krommenhock v. Post Foods, LLC*, 2021 WL 2910205 (N.D. Cal. June 25, 2021) (granting final approval); *Hadley v. Kellogg Sales Co.*, 2021 WL 3700746 (N.D. Cal. June 15, 2021) (granting preliminary approval); *McMorrow v. Mondelez Int'l, Inc.*, 2021 WL 5417183 (S.D. Cal. Nov. 19, 2021) (granting preliminary approval).

Despite this robust body of case law demonstrating the legitimacy of the same theory and claims that Plaintiff advances here, NextFoods asserts Plaintiff "cannot plausibly allege that a reasonable consumer would be misled" because the side panel Nutrition Facts Box "disclose[s] the sugar content," Mot. at 7. This argument suffers several flaws.

First, in *Williams v. Gerber* the Ninth Circuit "explicitly rejected" this argument, holding that "'[w]e do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.'" *See McMorrow I*, 2018 WL 3956022, at *9 (quoting 552 F.3d 934, 939 (9th Cir. 2008)). Contrary to NextFoods, "[c]onsumers review the small print on a product's label to learn additional details about a product, not to correct potentially misleading representations found on the front," and "d[o] not have a duty to validate claims on the front of a product's label by cross-checking them against information contained in small print on the back." *Walters v. Vitamin Shoppe Indus., Inc.*, 701 Fed. App'x 667, 670 (9th Cir. 2017) (citing *Williams*, 552 F.3d at 939-40). As a result, in *Hadley I*, the court rejected the argument that plaintiff's claims should be dismissed because Kellogg "ha[d] accurately disclosed the ingredients of its products (including added sugar) and ha[d] complied with the FDA's labeling guidelines." 273 F. Supp. 3d at 1070 (record quotation omitted). And in *Coe v. General Mills, Inc.*, the court held that "even if sugar content is accurately displayed in the Nutrition Facts box, that does not mean that the labeling as a whole cannot be misleading," 2016 WL 4208287, at *5 (N.D. Cal. Aug. 10, 2016).

Here, because NextFoods relies on the Nutrition Facts box to "'conflict with, rather

4

than confirm'" the challenged labeling claims suggesting the JuiceDrinks' healthfulness, "plaintiff's claim is not defeated." *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (quoting *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1167-68 (2018) (alterations omitted)); *see also Burchfield v. Prestige Consumer Healthcare, Inc.*, 2021 WL 3824856, at *3 (C.D. Cal. Apr. 16, 2021) (finding plausible plaintiffs' allegations that images and the word "Infants" misled consumers into believing pain reliever was "pharmacologically unique to infants," notwithstanding that "*the front label, back panel, and side panel* of the Infants' and Children's Products disclose[d] to the consumer that the medications are 'pharmacologically identical,'" to "children's" pain reliever); *Shalikar v. Asahi Beer U.S.A., Inc.*, 2017 WL 9362139, at *7-8 (C.D. Cal. Oct. 16, 2017) (plaintiffs plausibly alleged "'the overall brand image'" of the product "would cause a reasonable consumer to believe" it was "brewed in Japan" where it was "undisputed that the label . . . disclose[d] that the Product is brewed in Canada" (record quotation omitted)).

Second, NextFoods' argument is a straw man: Plaintiff does not allege she was misled about the JuiceDrinks' *sugar content*, but rather their *healthfulness*. *See*, *e.g.*, Compl. ¶ 80. In a case challenging health and wellness claims on coconut oil, a court rejected a similar straw man argument, noting that the plaintiffs were "not arguing the label deceived them of the true saturated fat content," which was alleged to be unhealthy, but rather "'mislead [sic] them into believing the product was healthy *notwithstanding* its saturated fat content.'" *Boswell v. Costco Wholesale Corp.*, 2016 WL 3360701, at *8 (C.D. Cal. June 6, 2016) (emphasis in original and record quotation omitted). The same is true here. Plaintiff is not alleging she was deceived as to the amount of sugar in the JuiceDrinks, but rather that they were healthy

Because of these errors, NextFoods' heavy reliance on *Clark v. Perfect Bar*, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018), and *Truxel v. General Mills*, 2019 WL 3940956 (N.D. Cal. Aug. 13, 2019), is misplaced. *See* Mot. at 6-9.

First, in a perfunctory, 16-sentence, 2-pargraph decision failing to cite any complaint allegations or case law, the *Clark* court held without explanation that because "[t]he actual ingredients were fully disclosed. . . . [n]o consumer . . . could reasonably overestimate the

5

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-01446-BTM-MSB
PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS

1   health benefits of the bar merely because the packaging elsewhere refers to it as a health bar
2   . . . ." 2018 WL 7048788, at *1. That holding, however, erroneously rejected *Williams*
3   admonition that "an ingredient list does not correct, as a matter of law, misrepresentations on
4   the product's label." *See Balser v. Hain Celestial Group, Inc.*, 640 Fed. App'x 694, 696 (9th
5   Cir. 2016). The *Clark* decision also ascribes to reasonable consumers too great an
6   understanding of nutrition science even though reasonable consumers "need not be
7   'exceptionally acute and sophisticated' and might not 'necessarily be wary or suspicious of
8   advertising claims.'" *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (quotation
9   omitted); *compare* Compl. ¶¶ 81-82 (Alleging that, like the "average and reasonable
10  consumer," Plaintiff "is not a nutritionist, food expert, or food scientist," and "[a]t the time
11  of purchase . . . was unaware of the extent to which consuming high amounts of free sugar
12  adversely affects" health "and increases risk of [ ] disease . . . or what amount of free sugar
13  might have such an effect.").[1]

14      *Truxel*, in turn, relied on *Clark* to commit similar errors.[2] First, the *Truxel* court held
15  "that Plaintiffs cannot plausibly claim to be misled *about the sugar content* of their cereal
16  purchases because Defendant provided them with all truthful and required objective facts
17  about its products," 2019 WL 3940956, at *4 (emphasis added). But that was not their claim
18  or theory. As to their claim of having been misled about the cereals' *healthfulness*, the *Truxel*
19  court, like the *Clark* court, erroneously held without any support that "it was up to the
20  Plaintiffs, as reasonable consumers, to come to their own conclusions about whether or not
21  the sugar content was healthy for them." *Id.* But not only is that is a matter of expert opinion,
22  not lay consumer knowledge, *see Hadley II*, 324 F. Supp. 3d at 1115, *Williams* precludes a

23  _____

24  [1] Although the Ninth Circuit affirmed the dismissal of *Clark* in a memorandum decision, it
25  did not do so on reasonable consumer grounds, but on alternative, preemption grounds. *See
    Clark v. Perfect Bar, LLC*, 816 Fed. App'x 141, 143 (9th Cir. 2020). Here, NextFoods does
26  not, and could not argue preemption.

27  [2] Before doing so, however, the *Truxel* court twice "explicitly adopted the rulings in" *Hadley*
    and *Krommenhock*, *see* 2019 WL 3940956, at *1; *compare Truxel v. General Mills Sales,
28  Inc.*, No. 16-cv-04957-JSW, Dkt. Nos. 60 & 76 (N.D. Cal.) (prior orders).

6

finding at the pleading stage that when a reasonable consumers sees health and wellness claims they must examine the nutrition facts to and try to determine for themselves whether those representations are misleading.

NextFoods also invokes the *Truxel* court's discussion of *Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) *See* Mot. at 8-9 & n.2. But fairly read, *Ebner* supports Plaintiff's claims here. The plaintiff in *Ebner* claimed she should have received more lip product than she did, but the weight was accurately disclosed on the label and there were "no other words, pictures, or diagrams" relating to "how much . . . lip product can be accessed," 838 F.3d at 966. Thus, unlike here, "there [wa]s no deceptive act to be dispelled" because the label made no affirmative "representations or inferences" aside from the truthful weight disclosure. *See Dinan v. Sandisk LLC*, 2019 WL 2327923, at *6 (N.D. Cal. May 31, 2019) (discussing *Ebner*). Because this case—like *Hanson*, *Milan*, *McMorrow*, *Krommenhock*, and *Hadley*—challenges affirmative misrepresentations that the JuiceDrinks promote "overall wellness" and "GoodHealth," for example, *Ebner* does not support dismissal.

NextFoods also cites *Silver v. BA Sports Nutrition, LLC*, 2020 WL 2992873 (N.D. Cal. June 4, 2020), and *Andrade-Heymsfield v. Danone US, Inc.*, 2019 WL 3817948 (S.D. Cal. Aug. 14, 2019). *See* Mot. at 8. But both cases are distinguishable. In *Silver*, the court distinguished the health and wellness statements at issue in cases like *Hadley* and *Krommenhock*—and here—concluding that "plaintiffs do not challenge any explicit statements marketing BodyArmor as 'healthy,' 'nutritious,' 'wholesome' or the like," 2020 WL 2992873, at *8. And in *Andrade-Heymsfield*, the court held "Plaintiffs' contentions" were "dependent on a mischaracterization of the Coconut Milk being advertised to reduce osteoporosis which [wa]s simply not the case." 2019 WL 3817948, at *8. Here, by contrast, NextFoods expressly represents that the JuiceDrinks, for example, "promote . . . overall wellness" or "overall health," and will "keep your GoodHealth going," Compl. ¶¶ 11 (b)-(d).

## B.  Plaintiff Alleges the JuiceDrinks Contain Excessive Sugar

NextFoods asserts the Complaint fails to "plead how much sugar, and what type of sugar (added sugar, free sugar or natural sugar) is considered a 'high sugar content,'" Mot. at

7

10. But elsewhere it contradicts this assertion, admitting that the Complaint "identifies the amount of . . . sugar in the products," *id.* at 25 (citing Compl. Appx. 1), and "alleges that the [Juice]Drinks are unhealthy because of the levels of 'free sugar' – i.e., total sugar – in each serving.'" *Id.* at 13 (citing Compl. ¶ 1); *see also* Compl. ¶ 78 (the JuiceDrinks "contain excessive amounts of free sugar"). Further, Plaintiff alleges that it is because each JuiceDrink "contains between 9g and 21g of free sugar, contributing 60% to 88% of its calories," Compl. ¶ 68, that their sugar content is excessive, since, for example, those amounts proportionally exceed recommendations that "no more than 10% of an adult's calories, and ideally less than 5%, come from free or added sugar," *id.* ¶ 66. *See also id.* ¶¶ 13-65 (citing medical journal studies demonstrating unhealthy nature of consuming juice and free sugar). Thus, Plaintiff adequately alleges the JuiceDrinks contain excessive free sugar. *See Hadley I*, 273 F. Supp. 3d at 1059 ("Based on these values, Plaintiff alleges that Defendant's products are unhealthy because they contain a higher percentage of added sugar (18%-40% of total calories per serving) than the daily 'safe' percentage of added sugar recommended by the AHA or . . . FDA.").

## C.  Plaintiff Alleges Excessive Sugar Consumption Causes Disease

Despite conceding that "the Complaint identifies studies involving 'juice' and 'sugar containing beverages,'" NextFoods argues Plaintiff's claims should be dismissed because "the Complaint fails to plead that the 'juices' or 'sugar containing beverages'" studied "are 'like' the [JuiceDrinks] or how much sugar [wa]s in the" beverages studied "relative to the amount of sugar in the" JuiceDrinks. Mot. at 10-11 (citing Compl. ¶¶ 13-63). That is wrong.

Plaintiff alleges "scientific evidence demonstrates that consuming juice, *like NextFoods' JuiceDrinks*, is unhealthy," Compl. at 5 (emphasis added; header capitalization disregarded), because the free sugar in juice is associated with increased risk of numerous diseases, *see id.* ¶¶ 19-63. She further alleges that "because of the compelling evidence that consuming juice is unhealthy, authoritative bodies recommend" that "no more than 10% of an adult's calories, and ideally less than 5%, come from free . . . added, or [ ] natural sugars . . . in fruit juice." Compl. at p. 24 & ¶ 66 (header capitalization disregarded). Because the

8

JuiceDrinks "contain[] between 9g and 21g of free sugar, contributing 60% to 88% of [their] calories," *id.* ¶ 68, this "excessive amount[] of free sugar[] render[s] them unhealthy and likely to increase risk of disease when consumed regularly." *Id.* ¶ 78.

In *Krommenhock I*, relying on some of the same scientific evidence Plaintiff cites here, the court rejected a similar argument, that "the scientific studies relied on by plaintiffs to support their allegations regarding the dangers of sugar consumption are inapposite," holding that "relevant studies supporting plaintiffs' theory (at least in part) have been alleged, and determining the full extent of that support is not appropriate on a motion to dismiss." 255 F. Supp. 3d at 963 (citing *Gallagher v. Bayer AG*, 2015 WL 1056480, at *9 (N.D. Cal. Mar. 10, 2015)). Indeed, courts have twice denied *summary judgment motions* arguing that the science does not support the plaintiff's claims. *See Krommenhock II*, 334 F.R.D. at 569 ("plaintiffs ha[d] ample, albeit disputed, evidence that the Products are not 'healthy' given the amounts of added sugar in them"); *Milan v. Clif Bar & Co.*, No. 18-cv-02354-JD, Dkt. No. 106, Clif's Mot. for Summ. J. at 3 & Dkt. No. 149 at 2 (denying Clif's summary judgment motion and rejecting argument that the plaintiffs' theory was "premised on minority science"); *see also Hadley I*, 273 F. Supp. 3d 1052; *McMorrow I*, 2018 WL 3956022.

Notwithstanding these decisions, NextFoods claims that "[i]n many cases, the studies Plaintiff relies on for factual support actually undermine her claims." Mot. at 11.[3] But it provides only one supposed example, discussing Malik, Vasanti S., et al., "Sugar-Sweetened Beverages and Risk of Metabolic Syndrome and Type 2 Diabetes" ["Malik"]. *See* Mot. at 11-12. According to NextFoods, because the JuiceDrinks' "label specifically informs consumers to consume just one serving per day," "[c]onsumers of the [JuiceDrinks] would be in the lowest quantile of the [Malik] study, for which there is no increased health risk . . . ." *Id.* at 12. But NextFoods misstates the facts, as well as the study and its conclusions.

First, NextFoods misrepresents that the JuiceDrinks' labels instruct consumers to *limit*

---

[3] "NextFoods requests the court take judicial notice of the scientific studies cited in Plaintiff's Complaint," Mot. at 11 n.3, but judicial notice is unnecessary in light of the "incorporation by reference" doctrine.

9

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-01446-BTM-MSB
PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS

their consumption to one cup per day. *See id.* (the JuiceDrinks' "label specifically informs consumers to consume *just* one serving per day" (emphasis added)); *id.* at 14 (suggesting the JuiceDrinks provide an "instruction to consumers to eat **only** one serving *a day*" (bolded emphasis added)). In fact, the label suggests that one glass per day is the *minimum* needed to "START YOUR GOODHEALTH GAME PLAN," reading, "Drink one 8 oz. glass of delicious GoodBelly a day for 12 days (That's just 3 cartons worth.)[.]" *See* Compl. ¶ 12. The way this is phrased and presented on the label, many consumers might reasonably believe they get additional health benefits from drinking more.

Second, NextFoods misreads several aspects of the Malik study. The lowest quantile of consumption in the study was "none or < 1 serving[ *per ]month*," not less than one serving "*per day*," as NextFoods claims. *Compare* Hansen Decl. Ex. 4, Dkt. No. 7-4 at ECF Header pp.11-18 (emphasis added) *with* Mot. at 12 (claiming "[c]onsumers of the [JuiceDrinks] would be in the lowest quantile of the study" if they "consume just one serving *per day*" (emphasis added)).[4] Thus, NextFoods' labels encourage daily consumption that is far beyond the fewer-than-one-drink-per-month consumed in the lowest quantile the Malik study. Moreover, because Malik looked at the "relative risk" between the lowest and highest quantiles of consumption, NextFoods' assertion that Malik found "no increased health risk" in "the lowest quantile of the study," Mot. at 12, is wholly inaccurate.

---

[4] NextFoods makes improper legal argument via the Hansen Declaration, circumventing the applicable page limitations, citing ¶¶ 2-52. Mot. at 11. These paragraphs do not simply authenticate and attach studies cited in the Complaint, but improperly characterize the studies contents and results and argue their "application to Plaintiff's contention[s]," *see* Dkt. No. 7-2, Hansen Decl. ¶¶ 2-52. For example, the Hansen Declaration contains arguments that certain studies "show[] that [JuiceDrink] consumers are at a reduced risk of" various diseases, *id.* ¶¶ 5, 41,48, or "do[] not relate to" the JuiceDrinks, *id.* ¶¶ 14, 15, 17. The Court should, accordingly, strike or ignore the Hansen Declaration. *See Fuchs v. State Farm Gen. Ins. Co.*, 2017 WL 4679272, at *2-3 (C.D. Cal. Mar. 6, 2017) (striking from counsel's declaration "content constitut[ing] improper argument, rather than facts"); *Oliver v. Hot Topic, Inc.*, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) (striking "declaration contain[ing] improper argument" because "[s]uch substantive arguments are properly included in a memorandum . . . not a declaration").

10

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-01446-BTM-MSB
PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS

More fundamentally, as illustrated by *Hanson*, NextFoods' argument as to what the science demonstrates raises a factual issue that cannot be weighed and decided in its favor at this stage. In *Hanson,* plaintiff challenged "heart health" claims on Welch's grape juices, "cit[ing] studies linking consumption of fruit juice to increased cardiovascular risk in preschool children, increased risk of acute coronary syndrome in women, higher central systolic blood pressure, [and] harm to overall cardiovascular health . . . ." *Hanson*, 470 F. Supp. 3d at 1068 (record citation omitted). The plaintiff "also cite[d] studies showing similar risks from sugary beverages generally," and "note[d] that dietary guidance from the American Academy of Pediatrics, the federal government, and the World Health Organization recommend limiting consumption of fruit juice." *Id.* (record citations omitted). The Court noted that despite "[t]wo [ ] sections of [Welch's] motion [to dismiss] . . . assert[ing] that the grape juice products at issue in fact support heart health . . . such factual disputes [we]re no basis for a motion under Rule 12(b)(6)." *Id.* at 1069 (record citation omitted).

In short, "Defendants' arguments ultimately go to the weight that ought to be afforded the various . . . studies on which plaintiff has relied in drafting her complaint," which "is not the appropriate inquiry at this procedural stage." *See Tomasino v. Estee Lauder Cos., Inc.*, 2015 WL 1470177, at *5 (E.D.N.Y. Mar. 26, 2015); *see also Sandoval v. Pharmacare US, Inc.*, 145 F. Supp. 3d 986, 996 (S.D. Cal. 2015) ("whether the IntenseX labeling statements [were] provably false based on these studies is an issue better addressed at summary judgment, when the record is more developed"); *Vasic v. Patent Health, LLC.*, 2014 WL 940323, at *7 (S.D. Cal. Mar. 10, 2014) ("the Court cannot resolve the parties' dispute" on a motion to dismiss where "the crux of the disagreement between the parties focuses on the strength of the evidence cited in the FAC" (citations omitted)); *Hazlin v. Botanical Labs., Inc.*, 2013 WL 12076470, at *4 (S.D. Cal. Aug. 8, 2013) ("[T]he Court does not weigh evidence in deciding a motion to dismiss for failure to state a claim."). Nor may the Court draw inferences from the studies in NextFoods' favor, as its argument begs. *See Boswell*, 2016 WL 3360701, at *9 (Defendant's assertion that "'FAC repeatedly relies upon articles that fatally undermine Plaintiffs' contention that coconut oil presents any risks'" was "asking

11

for inferences to be drawn in [defendant's] favor," which the court declined since "it must" instead "draw all inferences in Plaintiffs' favor.").

Finally, Plaintiff's claims are not implausible, as NextFoods claims, simply because the FDA has stated "that added sugars are 'generally recognized as safe' . . . and 'can be part of a healthy dietary pattern' *when not consumed in excess amounts . . . .*" Mot. at 12-13 (emphasis added) (quoting, *inter alia*, 81 Fed. Reg. 33,742, 33,760 (May 27, 2016)). That added sugars can under some circumstances be included in a healthy dietary pattern does not mean that the JuiceDrinks themselves are healthy nor render it implausible that the amount of sugar in the JuiceDrinks renders them unhealthy and their health and wellness claims misleading. *See Krommenhock I*, 255 F. Supp. 3d at 963 (rejecting argument that "the FDA's new rule support[ed] Post," because a motion to dismiss was "not the appropriate time to weigh the competing harms and benefits from Post's products").

## D.   The Challenged Health and Wellness Representations Are Not Puffery

A statement is puffery only "if the claim is extremely unlikely to induce consumer reliance." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). None of the statements NextFoods calls puffery, *see* Mot. at 19, are so "outrageous" or "exaggerated as to preclude reliance by consumers*." Cook, Perkiss, & Liehe, Inc., v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (quotation omitted). Rather, because the representations concern health and wellbeing, they are among the most reliance-inducing claims, since "consumers rely on health-related claims on food products in making purchasing decisions," *Bruton v. Gerber Prods. Co.*, 2014 WL 172111, at *11 (N.D. Cal. Jan. 15, 2014) (record citation omitted).

## E.   NextFoods Cannot Distinguish *Hadley*, *Krommenhock*, or *McMorrow*

In devoting an entire section of its Motion to arguing that this case "is distinguishable from" others challenging health claims on sugary foods, NextFoods does not even attempt to distinguish the similar action against Clif Bar or—most relevant here—against Welch's for advertising grape juice as supporting heart health. *See* Mot. at 13-15 (no discussion of *Milan*, 2019 WL 3934918, or *Hanson*, 470 F. Supp. 3d 1066). Moreover, NextFoods' attempts to

12

distinguish *Hadley*, *Krommenhock*, and *McMorrow* are unavailing.

NextFoods argues those cases are inapplicable because they "alleged that excess 'added sugar' . . . caused the products to be unhealthy," *id.* at 13 (citation omitted), whereas the Complaint here "alleges that the [JuiceDrinks] are unhealthy because of the levels of 'free sugar,'" *id.* It claims Plaintiff "fails to plead any support for" the allegation "that 'free sugars in juice act physiologically identically to added sugars . . . .'" Mot. at 13-14 (quoting Compl. ¶ 23). But this ignores the cited studies demonstrating the deleterious effects of consuming the free sugars in fruit juice, *e.g.*, Compl. ¶¶ 20-22, 28, 34, 36-37, 63-66, and impermissibly asks the Court to ignore its obligation to accept as true the Complaint's factual allegations.

Nor does the plaintiffs in *Hadley* and *Krommenhock* having "alleged consumers were eating more than one serving of cereal at a time," Mot. at 14, render those cases inapposite since, here, the amount of sugar in a single serving of some of NextFoods' JuiceDrinks is more than the amount in *three* servings of some cereals in those cases. *Compare* Compl. ¶ 68 (JuiceDrinks contain up to "21g of free sugar" "contributing [up] to 88% of [their] calories), *with Krommenhock*, No. 16-cv-04958-WHO, Dkt. No. 273-1 (cereals contained between 4 and 13 grams of added sugar per serving, contributing 7.6% to 40% of their calories); *Hadley*, No. 16-cv-04955-LHK, Dkt. No. 376 ¶ 126, 194, 223 (cereals contained between 9 and 14 grams of added sugar per serving, contributing 18.9 to 30% of their calories). This case is akin to *Milan*, in which there were no allegations of consumers eating multiple servings at once, *see generally Milan*, No. 18-cv-02354, Dkt. No. 1; yet the court found that "because '"as much as 37% of the calories in' the[] [Clif] products come from added sugar. . . . [t]he fact that this [amount] could theoretically be consistent with . . . [the] recommendation for added sugars—*if the consumer ate very little else that day*—is hardly a basis for kicking these claims out at the motion to dismiss stage." *See Milan*, 2019 WL 3934918, at *2 (record quotation omitted); *see also Milan*, No. 18-cv-02354, Dkt. No. 1 ¶¶ 127, 156 (bars contained between 11 and 22 grams of added sugar per serving).

13

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-01446-BTM-MSB
PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS

## II.   PLAINTIFF HAS STANDING UNDER THE UCL, FAL, AND CLRA

### A.   Plaintiff Sufficiently Alleges She Purchased the JuiceDrinks During the Class Period in Reliance on the Challenged Claims

"A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement" by alleging "she would not have bought the product but for the misrepresentation." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 330 (2011). That is the case here. *See* Compl. ¶¶ 77, 84. NextFoods nevertheless argues Plaintiff "fails to sufficiently plead" that she "purchased *any* of the" JuiceDrinks. *See* Mot. at 15 (emphasis added; header capitalization disregarded). According to NextFoods, that is because Plaintiff's allegation that, "'[a]s best she can recall [she] started purchasing 32 oz. cartons of the JuiceDrinks in 2018,'" "leaves open the possibility that Plaintiff did not purchase any of the" JuiceDrinks. Mot. at 16 (quoting Compl. ¶ 76). But the Complaint, unambiguously alleges "Plaintiff purchased the JuiceDrinks," *e.g.*, Compl. ¶ 124, even alleging she paid "approximately $3 to $5 per carton," *id.* ¶ 76; *see also id.* ¶¶ 84, 88, 100, 140. Fairly read, then, "as best she can recall" relates to the *time period* in which Plaintiff was made her purchases: "start[ing] . . . in 2018, and continu[ing] . . . until *around* the middle of 2019." Compl. ¶ 76 (emphasis added). Contrary to NextFoods, this allegation is not too vague, since "district courts in this circuit have found allegations that the plaintiff purchased products during the class period, without specifying particular dates, were sufficient under Rule 9(b)." *Fernandez v. Atkins Nutritionals, Inc.*, 2018 WL 280028, at *11 (S.D. Cal. Jan. 3, 2018) (collecting cases). Moreover, given that Plaintiff has attached label exemplars, "it is clear which of [NextFoods'] statements are at issue, and why . . . they are allegedly misleading," so that NextFoods is able "defend[ ] against [Plaintiff's] claims," meaning the "[C]omplaint satisf[ies] the heightened pleading standard set forth in Rule 9(b)." *Id.*, at *12.

NextFoods also contends Plaintiff's use of the phrase, "to the best of her recollection," to introduce the list of statements she relied on in purchasing the JuiceDrinks "leaves open the possibility that Plaintiff did not read or rely on any of th[o]se statements." Mot. at 18 (quoting Compl. ¶ 77). But the allegation is that "to the best of her recollection" she "relied

14

on *at least*" the four challenged statements. Compl. ¶ 77 (emphasis added). NextFoods thus misconstrues the allegation and further ignores that elsewhere Plaintiff alleges she "purchased the JuiceDrinks in reliance on NextFoods' false and misleading marketing claims stating or suggesting that the products, among other things, are healthful." *Id.* ¶ 124; *see also id.* ¶ 140 (alleging reliance on challenged statements).

## B.     Given the Case Theory and the JuiceDrinks' Composition, Plaintiff has Standing to Challenge Statements Made on All Varieties

As "opinions in food labeling cases have explained, plaintiffs have standing to sue over 'unpurchased products' when the label statements challenged are very similar to the statements on the labels of the unpurchased products *and* there are no material differences between the products that would significantly alter the reasonable consumer analysis." *Krommenhock I*, 255 F. Supp. 3d at 968 (citing *Ang v. Bimbo Bakeries USA, Inc.*, No. 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014)). NextFoods contends Plaintiff lacks standing to bring claims for the statements made on all JuiceDrink varieties, arguing that the different "varieties . . . are *not* substantially the same" because they have "different ingredients and nutrition levels, including different amounts of [ ] total and 'added sugar,'" Mot. at 16-17 (citations omitted). All JuiceDrinks, however, bear the same challenged labeling statements, which Plaintiff alleges are false because the JuiceDrinks all contain high amounts of free sugars (of which added sugars is a subset). Compl. ¶¶ 10-12, 68-71, 100. It is thus irrelevant that some varieties "contain *no* added sugar," Mot. at 17, since they all contain enough "free sugar"—between "60% to 88% of [their] calories," Compl. ¶ 68—to render them unhealthy. *Compare Krommenhock II*, 334 F.R.D. at 562 (commonality satisfied where "across the subclasses, the added sugar, comprising 13.33% to 40% of calories, falls well above the 5% and 10% daily limits endorsed by authoritative sources and supported in the scientific literature") (internal quotes omitted). While certain JuiceDrinks may have some "different ingredients," Mot. at 17, NextFoods "does not show that any of those differences are material, either to the analysis under the reasonable consumer standard or to the injuries allegedly suffered by plaintiff[]." *See Krommenhock I*, 255 F. Supp. 3d at 969. Accordingly, Plaintiff

15

"ha[s] standing to pursue claims based on the materially similar misleading statements found on the package of the materially similar unpurchased products." *See id.*

NextFoods' cases are inapposite. *See* Mot. at 16-18 & n.5. In *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, the plaintiff "fail[ed] to specify which material he relied upon in making his decision to purchase." 2011 WL 1059182, at *2 (S.D. Cal. Mar. 21, 2011) (Moskowitz, J.), but here Plaintiff specifies the challenged labeling claims on which she relied, Compl. ¶¶ 77-78. In *Grivas v. Metagenics, Inc.*, "[a]lthough the purported misstatements on all 17 [] products [we]re 'identical', the [c]ourt ha[d] no way of knowing if the products' composition differ[ed] significantly" because, unlike here, the complaint did not identify "what 17 products [we]re at issue[.]" 2018 WL 6185977, at *5 (C.D. Cal. Jan. 4, 2018). *See* Compl. Appx. 1 (attaching copies of product labels at issue). Further, the composition of the products in *Grivas* was likely to be material because "the evidence as to whether [each] product me[t] the statutory requirements for 'medical food' [wa]s bound to differ." *Id.* (citation omitted). Here, all of the JuiceDrinks contain significantly more than 10% of calories from free sugar, Compl. ¶ 68, so other differences in composition are immaterial in light of the scientific evidence, *see id.* ¶¶ 13-66.

The order NextFoods cites from *In re 5-hour ENERGY Mktg. & Sales Pracs. Litig.*, is a *summary judgment* decision where the court concluded that "decaffeinated" and "caffeinated" versions of the product "differ[ed] significantly" since the products' caffeine content was material to whether "[p]laintiffs [could] prove that the 5HE products . . . did not provide 'five hours of energy,'" 2017 WL 385042, at *13 (C.D. Cal. Jan. 24, 2017). Here, "60% to 88%" of all JuiceDrinks' calories come from free sugar, Compl. ¶ 68, which proportionally far exceeds the recommended "10% of an adult's calories," *id.* ¶ 66, so other differences are immaterial.

Unlike the JuiceDrinks, the products at issue in *Dysthe v. Basic Rsch. LLC*, "ha[d] different packaging," with one describing "features such as 'Stress and Mood Components,' 'Anxiety Components,' and 'Energy Components'" that were "not list[ed]" on the other product. 2011 WL 5868307, at *5 (C.D. Cal. June 13, 2011). "Similarly, the packaging in"

16

*Holt v. Foodstate, Inc.*, was "significantly different between even the two consumed products, let alone the 107 additional products." 2015 WL 9592534, at *3 (S.D. Cal. Dec. 31, 2015).

## III.   PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

"The Ninth Circuit has identified two circumstances where plaintiffs in false or misleading labeling cases may seek injunctive relief: (i) where plaintiffs 'would like to' buy the product again but 'will not' because they 'will be unable to rely on the product's advertising or labeling' without an injunction; or (ii) where the consumer 'might purchase the product in the future' because they 'may reasonably, but incorrectly, assume the product was improved.'" *Krommenhock v. Post Foods, LLC*, 2020 WL 1139582, at *13 (N.D. Cal. Mar. 9, 2020) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)).

Plaintiff alleges "[s]he would purchase the JuiceDrinks in the future if they were in fact healthy as represented, but unless NextFoods is enjoined in the manner Plaintiff requests, she may not be able to reasonably determine whether the products have been reformulated to conform to the misleading claims," Compl. ¶ 92, and "will be unable to trust the representations on the JuiceDrinks when she encounters them in the marketplace." *Id*. ¶ 93. For example, the JuiceDrinks could be reformulated with artificial sweeteners, and Plaintiff would have no reasonable way to determine whether this reformulation renders the challenged claims truthful or whether they remain deceptive because the artificial sweeteners are also unhealthy.

Because "[s]ubstantively, plaintiff['s] allegations are indistinguishable from those upheld for injunctive relief in *Davidson*," that case "amply demonstrates that plaintiff[] may pursue injunctive relief against" NextFoods. *See Milan v. Clif Bar & Co.*, 489 F. Supp. 3d 1004, 1006 (N.D. Cal. 2020). The Court should "decline[] at this pleadings stage . . . to conclude that plaintiff[] cannot, as a matter of law, ever be deceived again by" NextFoods. *See id.* (citing *Williams*, 552 F.3d at 939).

NextFoods' cases are distinguishable. *See* Mot. at 24-25. *Jackson v. Gen. Mills, Inc.*, was a slack-fill case where the amount of product was disclosed by weight so that it would be *unreasonable* for the plaintiff to rely solely on packaging size in the future. *See* 2020 WL

17

5106652, at *5 (S.D. Cal. Aug. 28, 2020). In *Stewart v. Kodiak Cakes, LLC*, the court also dismissed some injunctive relief claims, but allowed them to proceed where "Plaintiffs cannot check the undisputed serving size, net weight, nutrition facts, or ingredient list on the products to determine if the at-issue ingredients are genetically modified." 2021 WL 1698695, at *10 (S.D. Cal. Apr. 29, 2021). That logic applies equally here because, if all sugar in the JuiceDrinks was removed and replaced with artificial sweeteners, looking at the nutrition facts would only show that the sugar has been removed but would not reveal whether the JuiceDrinks are still unhealthy due to the artificial sweeteners. And in *Shanks v. Jarrow Formulas, Inc.*, the challenged "product contain[ed] [only] one ingredient – coconut oil" and so "[t]he [c]ourt d[id] not see how Plaintiff can possibly think that a product . . . contain[ing] one ingredient[] can be reformulated to be healthier without Plaintiff knowing." 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019). The JuiceDrinks, by contrast, are not single-ingredient foods that cannot be reformulated.

The Court should separately find Plaintiff has standing by virtue of the intrusion of NextFoods' false advertising upon her substantive right under the UCL, FAL, and CLRA to be free from misrepresentation. The *Davidson* court noted but declined to rule on this issue because it was unnecessary. But it suggested the Ninth Circuit would favor Plaintiff's position. *See* 889 F.3d at 970; *compare Henderson v. Gruma Corp.*, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011) ("[T]o prevent [plaintiffs] from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws."); *accord Ingalls v. Spotify USA, Inc.*, 2017 WL 3021037, at *6-7 (N.D. Cal. July 17, 2017) (collecting cases adopting *Henderson's* rationale).

Finally, Plaintiff has injunctive relief standing because she is representing absent class members and has *representative standing* to seek that relief on behalf of Class Members who do not know NextFoods' representations are false. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012), *cert. denied*, 568 U.S. 1228 (2013); *Harris v. Las Vegas Sands LLC*, 2013 WL 5291142, at *4 (C.D. Cal. Aug. 16, 2013).

18

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-01446-BTM-MSB
PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS

### III.   PLAINTIFF STATES CLAIMS FOR BREACH OF WARRANTY

####    A.   Breach of Express Warranty

NextFoods argues Plaintiff "fails to plead which of the challenged statements constituted a warranty and what the exact terms of that warranty were," Mot. at 20 (citing Compl. ¶¶ 138-49). But Plaintiff alleges NextFoods expressly warranted its JuiceDrinks as "beneficial to health," Compl. ¶ 139, and identifies the precise "statements conveying a message that the JuiceDrinks are healthy or promote good bodily health," *id.* ¶ 11; *see also id.* ¶ 138 (expressly incorporating allegations). These statements that the JuiceDrinks "help promote . . . overall wellness" and "GoodHealth," *id.* ¶¶ 11(a)-(d), constitute a warranty. *See Hadley I*, 273 F. Supp. 3d at 1092 ("[A] number of district court cases [ ] have recognized a cause of action for breach of express warranty based on affirmations of fact regarding the 'healthiness' of the products." (collecting cases)); *Hanson*, 470 F. Supp. 3d at 1075; *Krommenhock v. Post Foods, LLC*, 2018 WL 1335867, at *13 (N.D. Cal. Mar. 15, 2018). NextFoods' only other arguments merely recycle its misguided plausibility argument attacking the scientific studies referenced in the Complaint, and its standing argument regarding Plaintiff's reliance on the challenged health and wellness claims. *See* Mot. at 20 (citing Mot. Parts IV.B.1 & IV.C.2). Thus, NextFoods motion should be "denied for the same reasons as the consumer protection and misrepresentation-based claims addressed above." *Ham v. Hain Celestial Group, Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal. 2014); *see also Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1095 (N.D. Cal. 2017).

####    B.   Breach of Implied Warranty

NextFoods asserts that the JuiceDrinks are fit for their ordinary purpose, Mot. at 21, but Plaintiff's implied warranty claim stems from their failure to "conform to promises and affirmations made on the container or label," Compl. ¶ 148, not "a minimum level of quality." Mot. at 21 (quotation omitted). In California, merchantability not only means a product is fit for its ordinary purpose, but also that it "[conform] to the promises or affirmations of fact made on the container or label," *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (quoting *Hauter v. Zogarts*, 14 Cal. 3d 104, 118 (1975) (citing Cal. Com. Code §§

19

2315(2)(c), (f))). Because Plaintiff here "bring[s] [her] claim under a different definition of merchantability," the Court should "decline[] to dismiss Plaintiff['s] claim for breach of the implied warranty of merchantability," *Id.*; *see also Hadley I*, 273 F. Supp. 3d at 1096.

NextFoods also is wrong that the "only exception" to privity "is where the product physically injures the plaintiff." Mot. at 21. Rather, exceptions include "when the plaintiff relies on written labels . . . of a manufacturer." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citation omitted). Because "Plaintiff['s] implied warranty claims are based on [her] reliance on statements on the labels of" the JuiceDrinks, "Plaintiff[] need not allege privity." *Hunter v. Nature's Way Prods., LLC*, 2016 WL 4262188, at *9 (S.D. Cal. Aug. 12, 2016); *see also Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 924 (E.D. Cal. 2020) ("privity rule does not bar plaintiff's implied warranty claim" when warranties are written).

## IV.   PLAINTIFF ALLEGES THE INADEQUACY OF LEGAL REMEDIES

NextFoods argues Plaintiff's claims for restitution should be dismissed because she "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA,'" but has not done so because she does not "explain how the same amount of money for the exact same harm is inadequate or incomplete . . . ." Mot. at 22 (quoting *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)).

### A.   Dismissal of Plaintiff's Equitable Claims Would be Premature

Because "discovery may reveal that claims providing legal remedies are inadequate" and "no controlling authority prevents a plaintiff from asserting alternative legal remedies at the pleading stage," numerous courts have declined to rule on the adequacy of a plaintiff's legal remedies on a Rule 12 motion. *Edleson v. Travel Ins. Int'l, Inc.*, 2021 WL 4334075, at *6 (S.D. Cal. Sept. 23, 2021) (citing *Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019) (collecting cases)); *Rothman v. Equinox Holdings, Inc.*, 2021 WL 1627490, at *12 (C.D. Cal. Apr. 27, 2021) ("find[ing] it premature at th[e] [pleading] stage" to "determine whether plaintiff's alleged injuries have an adequate remedy at law" since, "unlike *Sonner*, th[e] matter [wa]s not currently on the eve of trial and [ ] there

20

[wa]s . . . no pending motion for injunctive relief" (citations omitted); *Harris v. McDonald's Corp.*, 2021 WL 2172833, at *3 (N.D. Cal. Mar. 24, 2021) ("argument that *Sonner* . . . requires rejection of the equitable claims at the pleading stage [wa]s not persuasive.").

Here, at best NextFoods raises an issue of fact, such that its motion should be denied. *See Wycap Marine Corp. v. Wycap Design, LLC*, 2018 WL 7287086, at *3 (S.D. Fla. Dec. 18, 2018) (denying motion to dismiss counterclaim where "whether Wycap Design has an adequate remedy at law is an issue of fact"); *Autodesk, Inc. v. Alter*, 2017 WL 1862505, at *6 (N.D. Cal. May 9, 2017) (denying judgement on the pleadings regarding equitable claims "[b]ecause the parties dispute issues of fact material to this claim" (citation omitted)).

## B. Plaintiff's Legal Remedies are Inadequate Because Her Legal Claims are Not for the Same Amount of Money and Harm as Her Equitable Claims

Even if the Court considers the adequacy of Plaintiff's legal remedies now, NextFoods' arguments fail on the merits because Plaintiff's equitable claims seek recovery for broader harms than her legal claims, and allow for compensation beyond what damages permit.

First, Plaintiff's equitable and legal claims do not challenge "the exact same harm," *Sonner*, 971 F.3d at 844, because her "UCL claim . . . encompasse[s] both a deceptive advertising theory and an unfair business practices theory," *Allen v. Hylands, Inc.*, 773 Fed. App'x 870, 874 (9th Cir. 2019) (UCL's unfair prong "sweeps more broadly than the CLRA, . . . or express warranty.'" (citation omitted)). Here, Plaintiff alleges NextFoods' conduct "is unfair because" it "is immoral, unethical, unscrupulous, or substantially injurious to consumers," Compl. ¶ 111, "violate[s] public policy," *id.* ¶ 112, and "the consumer injury [i]s substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided," *id.* ¶ 113. These claims are separately alleged and not premised on "the exact same harm" as Plaintiff's allegations that the challenged statements "convey the message that the JuiceDrinks are healthy," Compl. ¶ 10. Plaintiff has thus "raise[d] a . . . significant argument[] demonstrating that [her] remedies at law would be inadequate . . . considering [ ] the broad scope of the UCL's unfair prong . . . ." *Krommenhock v. Post Foods, LLC*, 2020 WL 6074107, at *1 (N.D. Cal. Sept. 29, 2020) ["*Krommenhock*

21

III"] (granting leave to amend to allege inadequacy of legal remedies based in part on UCL's broad scope).

Under the UCL, "courts are authorized by statute 'to fashion remedies to prevent, deter, and compensate for unfair business practices.'" *Mier v. CVS Pharmacy, Inc.*, 2021 WL 1559367, at *13 (C.D. Cal. Mar. 22, 2021) (quoting *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 176 (2000)). "This includes broad discretion under the UCL and FAL to make 'such orders or judgments . . . as may be necessary to restore to any person . . . any money or property' which may have been acquired by means of behavior prohibited by California's consumer protection laws." *Id.* (quoting Cal. Bus. & Prof. Code §§ 17203, 17535). Thus, while Plaintiff's damages under the CLRA are limited to the price premium associated with the challenged statements, the Court has discretion to fashion a broader equitable remedy to prevent and deter the challenged unfair practices. *See id.*, 2021 WL 1559367, at *12 (noting that defendant was "correct in that the price/value differential is *a* measure of restitution" but is not "the only measure of restitution" (citing *Spann v. J.C. Penney Corp.*, 2015 WL 1526559, at *3-5 (C.D. Cal. Mar. 23, 2015) (recognizing that a value-paid-minus-value-received approach is not the only damages model permitted))); *compare* Compl. ¶ 86 (alleging that "[t]hrough the misleading labeling claims and omissions, NextFoods was able to gain a greater share of the juice market than it would have otherwise").[5] Because "Plaintiff has suggested an alternate viable measure of restitution," "the Motion with respect to restitution" should be denied. *See Mier*, 2021 WL 1559367, at *13-14; *Elgindy v. AGA Serv. Co.*, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021) (sustaining equitable claims where "claims under the unlawful and unfair prongs of the UCL are rooted in a different theory than Plaintiffs' . . . FAL, and UCL fraudulent prong claims").

In addition, Plaintiff's equitable remedies provide an entire additional years' worth of

---

[5] NextFoods' concern that Plaintiff "contends . . . she can recover in equity more than the amount that she paid to purchase JuiceDrinks," Mot. at 23, is misplaced. Instead, Plaintiff contends, and the law supports, that equitable restitution is not necessarily limited to price premium damages where a plaintiff alleges unfair business practices more broadly.

22

restitution than she would be entitled to under any legal claims. *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010) (Claims under the "CLRA and FAL [ ] are subject to a three-year statute of limitations and UCL claims are subject to a four-year statute of limitations." (citations omitted)). Plaintiff may therefore "rel[y] on section 17200 [of the UCL] to claim an additional year's worth of [restitution] based on [purchases] for which [s]he cannot recover under" her CLRA and FAL claims. *Cf. Maravilla v. Rosas Bros. Constr., Inc.*, 401 F. Supp. 3d 886, 901 (N.D. Cal. 2019) (awarding an additional year of lost wages under UCL that were unavailable under Labor Code). Given "the four-year statute of limitations under the UCL as compared to the three-year statute of limitations under the CLRA and FAL (and as the warranty claims do not cover all of the [claims] remaining at issue in this case)," Plaintiff has sufficiently alleged the inadequacy of her legal remedies. *See Krommenhock III*, 2020 WL 6074107, at *1.

To the extent some "[c]ourts have recognized that a statute of limitations is not, *by itself*, sufficient to render legal remedies inadequate," *see McFall v. Perrigo Co.*, 2021 WL 2327936, at *15 (C.D. Cal. Apr. 15, 2021) (emphasis added and citations omitted), this is not such a case because Plaintiff's UCL claims are not "purely derivative" of her other claims, *see Mish V. TForce Freight, Inc.*, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021), and "[t]his is not a situation where plaintiff[] [is] seeking to assert an equitable claim because [she] . . . failed to file an otherwise adequate action at law within the applicable statute of limitations." *See Krommenhock III*, 2020 WL 6074107, at *1 ("Defendant's reliance on cases where plaintiffs missed the statute of limitations is not persuasive." (record citation omitted)).

Notably, in *Alvarado v. Wal-Mart Assocs., Inc.*, 2020 WL 6532868 (C.D. Cal. Oct. 22, 2020), on which other decisions have relied to claim courts have supposedly "rejected the proposition that 'a different statute of limitations is sufficient to demonstrate inadequacy of a legal remedy,'" *see Martinez v. Hub Grp. Trucking, Inc.*, 2021 WL 937671, at *8 (C.D. Cal. Jan. 11, 2021) (quoting *Alvarado*, 2020 WL 6532868, at *4), the court stated "it [wa]s *irrelevant* whether Plaintiff's available remedies have a four-year or three-year statute of limitations because Plaintiff has only plausibly alleged violations that occurred during a six-

23

week period from April and May 2019." *Alvarado*, 2020 WL 6532868, at *3 (emphasis added). Here, by contrast, Plaintiff alleges she "and the Class have suffered harm . . . throughout the Class Period," Compl. ¶ 136, which began on August 13, 2017 and is continuing, *id.* ¶ 96.

Finally, while the Class's breach of warranty claims are also subject to a four-year statute of limitations, *see Hunter*, 2016 WL 4262188, at *11—because the Class's warranty claims do not cover Plaintiff's omissions-based claims, they do not relate to "the exact same harm" as her UCL claims, *see Sonner*, 2020 WL 4882896, at *8, and the remedy available for Plaintiff's breach of warranty claims is inadequate.

In sum, *Sonner* precludes alternative pleading of equitable and monetary relief only where plaintiffs concede they seek the same sum in restitution and damages and simultaneously "fail[ ] to explain how the same amount of money for the exact same harm is inadequate," *id.* Because Plaintiff has described how legal damages do not adequately compensate her and class members for all conduct challenged, the Court should deny NextFoods' motion. *See Marisco, Ltd. v. GL Eng'g & Constr. Pte., Ltd.*, 2020 WL 3492572, at *1 (D. Haw. June 26, 2020) (permitting alternative claims of unjust enrichment and breach of contract because "[a]t this point, it is not clear that [Plaintiffs] do[ ] have an adequate remedy at law."); *c.f. Minor v. Baker Mills, Inc.*, 2021 WL 4522290, at *3 (N.D. Cal. May 20, 2021) (even where "the allegations border[ed] on the overly conclusory," finding "dismissal of the claims for equitable remedies [wa]s not warranted" because "plaintiff ha[d] pleaded that damages will be inadequate, and there [wa]s no clear indication to the contrary").

## C.   Plaintiff's Legal Remedies are Inadequate to Prevent Future Harm

Plaintiff "seeks not only restitution by way of her UCL claim, but also a prospective injunction" that "is not an available remedy at law . . . distinguish[ing] this case from *Sonner*." *See Haas v. Travelex Ins. Servs. Inc.*, 2021 WL 3682309, at *3 (C.D. Cal. Aug. 19, 2021); Compl. ¶¶ 92-95, 103, 115, 127, 136. Where "there is 'an ongoing, prospective nature to [plaintiff's allegations]" a "plaintiff may pursue her equitable claims for injunctive relief . . . ." *See Roper*, 510 F. Supp. 3d at 918; *see also Gross v. Vilore Foods Co., Inc.*, 2020 WL

24

6319131, at *3 (S.D. Cal. Oct. 28, 2020) (agreeing that "*Sonner* is distinguishable because it involved only a request for restitution, not a request for injunctive relief"). Because Plaintiff sufficiently alleges her standing for injunctive relief, *see supra* Section III, she has "sufficiently pleaded an inadequate remedy at law." *Haas*, 2021 WL 3682309, at *3 (citing *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) ("monetary damages for past harm are an inadequate remedy for the future harm [at which] an injunction under California consumer protection law is aimed")); *see also Mier*, 2021 WL 1559367, at *13 (declining to dismiss equitable claims where plaintiff sought "injunctive relief 'mandating that [CVS] remove the false advertisements'" and thus had "sufficiently pled the likelihood of future harm for which he ha[d] no adequate remedy at law" (record quotation omitted)).

## **CONCLUSION**

The Court should deny NextFoods' Motion; but if the Court grants the motion to any extent, Plaintiff requests it be without prejudice, and with an opportunity to amend.

Dated: November 26, 2021

/s/ Paul K. Joseph

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

*Counsel for Plaintiff*

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-01446-BTM-MSB
PLAINTIFF'S OPPOSITION TO NEXTFOODS, INC.'S MOTION TO DISMISS