# Exhibit 1

## Class Action Settlement Agreement

This Class Action Settlement Agreement ("Agreement"), effective upon the date of the signatories below, is made by and between, on the one hand, NextFoods, Inc. ("NextFoods"), and on the other hand, the Class Representatives (defined below) on behalf of the Class (defined below) (collectively, the "Parties"), in the matters of *Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.) ("*Andrade-Heymsfield*") and *Gates v. NextFoods, Inc.*, No. 23-cv-530-FJS (N.D.N.Y.) ("*Gates*," together with *Andrade-Heymsfield*, the "Action").

**WHEREAS**, on August 13, 2021, Class Representative Evlyn Andrade-Heymsfield commenced *Andrade-Heymsfield*, alleging violations of California law of unfair competition, false advertising, and breach of warranty in the United States District Court for the Southern District of California;

**WHEREAS**, on April 27, 2023, Class Representative Valerie Gates commenced *Gates*, alleging unfair competition and false advertising, misrepresentation, and unjust enrichment in the United States District Court for the Northern District of New York;

**WHEREAS**, NextFoods denies the allegations in the Action; and

**WHEREAS**, NextFoods and the Class Representatives on behalf of the Class (as defined below) wish to resolve any and all past, present, and future claims the Class has or may have against NextFoods on a nationwide basis as they relate to the allegations in the Action regarding the Class Products (as defined below);

**NOW THEREFORE**, the Parties, for good and valuable consideration, the sufficiency of which is hereby acknowledged, understand and agree to the following terms and conditions.

1.     **DEFINITIONS.**

As used in this Agreement, the following capitalized terms have the meanings specified

below.

1.1.     "**Action**" means the matters of *Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.) ("*Andrade-Heymsfield*"), and *Gates v. NextFoods, Inc.*, No. 23-cv-530-FJS (N.D.N.Y.) ("*Gates*").

1.2.     "**Agreement" or "Settlement Agreement**" means this Class Action Settlement Agreement.

1.3.     "**Cash Award**" means a cash payment from the Settlement Fund to a Settlement Class Member with an Approved Claim.

1.4.     "**Claim**" means a request for relief submitted by or on behalf of a Class Member on a Claim Form filed with the Class Administrator in accordance with the terms of this Agreement.

(a)     "**Approved Claim**" means a claim approved by the Class Administrator, according to the terms of this Agreement.

(b)      **"Claimant"** means any Class Member who submits a Claim Form for the purpose of claiming benefits, in the manner described in Section 4 of this Agreement.

(c)      **"Claim Form"** means the document to be submitted by Claimants seeking direct monetary benefits pursuant to this Agreement.

(d)      **"Claims Deadline"** means the date by which a Claimant must submit a Claim Form to be considered timely. The Claims Deadline shall be sixty-three (63) calendar days after the Settlement Notice Date.

(e)      **"Claims Process"** means the process by which Class Members may make claims for relief, as described in Section 4 of this Agreement.

1.5.   **"Claims Administration"** means the administration of the Claims Process by the Class Administrator.

1.6.   **"Class"** or **"Settlement Class"** means all persons in the United States who, between August 13, 2017 and the Settlement Notice Date, purchased in the United States, for household use and not for resale or distribution, one of the Class Products, as defined below.

1.7.   **"Class Administrator"** means the independent company approved by the Court to provide the Class Notice and to administer the Claims Process.

1.8.   **"Class Counsel"** means the following attorneys of record for the Class Representatives and Class in the Action, unless otherwise modified by the Court:

> Fitzgerald Joseph LLP
> 2341 Jefferson Street, Suite 200
> San Diego, California 92110
> Phone: (619) 215-1741

1.9.   **"Class Member"** means any person who is a member of the Class.

1.10.   **"Class Notice"** means both those documents notifying Class Members, pursuant to the Notice Plan, of the Settlement, and the substance of those documents.

1.10.1.   **"Long Form Notice"** refers to the proposed full Class Notice that is attached to this Agreement as Exhibit 1, which the Parties acknowledge may be modified by the Court without affecting the enforceability of this Agreement.

1.10.2.   **"Notice Plan"** means the plan for dissemination of Class Notice to be submitted to the Court in connection with a motion for preliminary approval of this Settlement.

1.10.3.   **"Settlement Notice Date"** means twenty-one (21) calendar days after the Preliminary Approval Date.

1.10.4.   **"Short Form Notice"** means the summary Class Notice that is attached to this Agreement as Exhibit 2, which the Parties acknowledge may be modified by the Court

without affecting the enforceability of this Agreement.

1.11.   **"Class Period"** means August 13, 2017 to the Settlement Notice Date.

1.12. **"Class Products"** means all flavors of GoodBelly Probiotic JuiceDrinks sold in 1 Quart (32 oz.) containers during the Class Period.

1.13.    **"Class Representative(s)"** means Evlyn Andrade-Heymsfield and Valerie Gates.

1.14.   **"Court"** means the Southern District of California, the Honorable Barry Ted Moskowitz presiding, or any judge who will succeed him as the Judge in this Action.

1.15.   **"Effective Date"** means the date on which the Judgment becomes final. For purposes of this definition, the Judgment shall become final: (a) if no appeal from the Judgment is filed, the date of expiration of the time for filing or noticing any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, the date of such affirmance or dismissal; or (c) if a petition for certiorari seeking review of the appellate judgment is filed and denied, the date the petition is denied; or (d) if a petition for writ of certiorari is filed and granted, the date of final affirmance or final dismissal of the review proceeding initiated by the petition for a writ of certiorari.

1.16.   **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses and costs awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.17.   **"Final Approval Hearing"** means the hearing to be conducted by the Court to determine whether to finally approve the Settlement and to enter Judgment.

1.18.   **"Final Approval Order"** means the proposed order to be submitted to the Court in connection with a Motion for Final Approval and the Final Approval Hearing, substantially in the form attached hereto as Exhibit 3.

1.19.    **"Injunctive Relief Deadline"** means 6 months after entry of Judgment.

1.20.    **"Judgment"** means the Court's act of entering a final judgment on the docket as described in Federal Rule of Civil Procedure 58.

1.21.   **"NextFoods"** means NextFoods, Inc., the Defendant in the Action.

1.22.   "**Notice and Other Administrative Costs**" means all costs and expenses actually incurred by the Class Administrator in administering the Settlement, including the publication of Class Notice, establishment of the Settlement Website, providing CAFA notice, the processing, handling, reviewing, and paying of claims made by Claimants, and paying taxes and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants), with all such costs and expenses to be paid from the Settlement Fund. All taxes on the income of the Settlement Fund, and any costs or expenses incurred in connection with the taxation of the Settlement Fund shall be paid out of the Settlement Fund, shall be considered to be a Notice and Other Administrative Cost, and shall be timely paid by the Class Administrator without prior order of the

Court. The Parties shall have no liability or responsibility for the payment of any such taxes.

1.23.   **"Objection Deadline"** means the date by which Class Members must file with the Court a written statement objecting to any terms of the Settlement or to Class Counsel's request for fees or expenses and shall be sixty-three (63) calendar days after the Settlement Notice Date.

1.24.   **"Opt-Out Deadline"** means the deadline by which a Class Member must exercise his or her option to opt out of the settlement so as not to release his or her claims as part of the Released Claims and shall be sixty-three (63) calendar days after the Settlement Notice Date.

1.25.   **"Party"** or **"Parties"** means the Class Representatives, on behalf of the Class, and NextFoods.

1.26.   **"Person"** means any individual, corporation, partnership, association, or any other legal entity.

1.27.   **"Plaintiffs"** means the Class Representatives, either individually or on behalf of the Class.

1.28.   **"Preliminary Approval Date"** means the date of entry of the Court's order granting preliminary approval of the Settlement.

1.29.   **"Preliminary Approval Order"** means the proposed order to be submitted to the Court in connection with the Motion for Preliminary Approval, substantially in the form attached hereto as Exhibit 4.

1.30.   **"Released Claims"** means the claims released by the Class Members via this Agreement.

1.31.   **"Released NextFoods Persons"** means NextFoods, and any past, current, or future parent companies (including intermediate parents and ultimate parents) and subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective officers, directors, employees, agents, attorneys, insurers, stockholders, representatives, heirs, administrators, executors, successors and assigns, and any other person or entity acting on NextFoods' behalf.

1.32.   **"Request for Exclusion"** means the written submission submitted by a Settlement Class Member to be excluded from the Settlement consistent with the terms of this Agreement.

1.33.   "**Service Award**" means any award approved by the Court that is payable to the Class Representatives from the Settlement Fund.

1.34.   **"Settlement"** means the resolution of this Action embodied in the terms of this Agreement.

1.35.   **"Settlement Fund"** means the qualified settlement fund this Agreement obligates NextFoods to fund in the amount of $1,250,000, which is in the form of a non-reversionary common fund and is established in accordance with 26 C.F.R. §§ 1.468B-1(c) and (e)(1).

1.36.   **"Settlement Payment"** means the amount to be paid to valid Claimants as detailed

in Section 4.

1.37. **"Settlement Website"** means a website maintained by the Class Administrator to provide the Class with information relating to the Settlement.

2. **SETTLEMENT FUND**

2.1. **Settlement Consideration**. NextFoods agrees to establish a non-reversionary common fund of $1,250,000 (the "Settlement Fund"), which shall be used to pay all Settlement expenses, including Notice and Other Administrative Costs; Class Members' Claims; Fee Award; and Service Awards.

2.2. **Creation and Administration of Qualified Settlement Fund.** The Class Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B- 2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Class Administrator operating as administrator of the Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Settlement Fund. Interest on the Settlement Fund shall inure to the benefit of the Class.

2.3. **NextFoods' Payment into Settlement Fund.** Within ten (10) calendar days after the Court grants preliminary approval of the Settlement Agreement, or another date agreed upon by the Parties in writing or ordered by the Court, NextFoods shall establish the Settlement Fund by paying (or causing its insurer to pay) $600,000 into the qualified settlement fund established by the Class Administrator pursuant to Paragraph 2.2. Within ten (10) calendar days after the Court grants final approval of the Settlement Agreement, or another date agreed upon by the Parties in writing or ordered by the Court, NextFoods shall pay (or cause its insurer to pay) $650,000 (the remainder of the $1,250,000 total) into the qualified settlement fund established by the Class Administrator pursuant to Paragraph 2.2.

3. **ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS.**

3.1. **Application for Attorneys' Fees and Costs and Service Awards**. At least 14 days before the Objection Deadline, Class Counsel and Class Representatives shall file a motion, set for hearing on the same date as the Final Approval Hearing, requesting a Fee Award and Service Awards, to be paid from the Settlement Fund.

3.2. **Distribution of Attorneys' Fees and Costs**. The Class Administrator shall pay to Class Counsel from the Settlement Fund the amount of attorneys' fees and costs awarded by the Court within twenty-one (21) calendar days of entry of Judgment, notwithstanding the filing of any appeals, or any other proceedings which may delay the Effective Date of the Settlement or a final Judgment in the case, subject to Class Counsel providing all payment routing information and tax ID numbers. Payment of the Fee Award will be made from the Settlement Fund by wire transfer to Class Counsel in accordance with wire instructions to be provided by Class Counsel. Notwithstanding the foregoing, if for any reason the Fee Award is overturned, reduced, vacated, or otherwise modified, Class Counsel shall be obligated to return any difference between the amount of the original award and any reduced award.

**3.3.    Distribution of Service Awards**. Any Service Award approved by the Court for the Class Representatives shall be paid from the Settlement Fund within the earlier of thirty (30) calendar days after the Effective Date, or the date the Class Administrator begins making distributions to Claimants.

**3.4.    Settlement Independent of Award of Fees, Costs, and Service Awards**. The awards of attorneys' fees and costs, and payment to the Class Representatives are subject to and dependent upon the Court's approval. However, this Settlement is not dependent or conditioned upon the Court's approving Class Counsel's and Class Representatives' requests for such payments or awarding the particular amounts sought by Class Counsel and Class Representatives. In the event the Court declines Class Counsel's or Class Representatives' requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties, provided, however, that the Class Representatives and Class Counsel retain the right to appeal any decision by the Court regarding attorneys' fees and costs, and service awards, even if the Settlement is otherwise approved by the Court.

**4.    CLAIMS PROCESS.**

**4.1.    General Process.** To obtain monetary relief as part of the Settlement, a Class Member must fill out and submit a Claim Form, completed online or in hard copy mailed to the Class Administrator. The claim made via the Claim Form will proceed through the following general steps:

      **(a)**    The Claimant will be asked to provide identifying information.

      **(b)**    The Claimant will be asked to estimate the number of Class Products purchased since August 2017.

      **(c)**    The Claimant will be entitled to a Cash Award of $1 per Class Product, with a cap of 5 Products without proof of purchase. Claimants who submit proof of purchase of more than 5 Products will be entitled to a Cash Award of $1 per Class Product on the full number of Class Products purchased during the Class Period.

      **(d)**    All Cash Awards will be adjusted pro rata up or down as described in Section 4.5 below.

**4.2.    The Claim Form and Timing.** The Claim Form will be available on the Settlement Website and may be submitted to the Class Administrator online. A maximum of one Claim Form may be submitted for each household. Claim Forms must be submitted or postmarked on or before the Claims Deadline to be considered timely. The Claims Deadline shall be clearly and prominently stated in the Preliminary Approval Order, the Class Notice, on the Settlement Website, and on the Claim Form.

**4.3.    Substance of the Claim Form.** In addition to the Claimant purchase information set forth in Paragraph 4.1 above, the Claim Form will request customary identifying information (including the Claimant's name, address, email address, and telephone number), and may seek limited additional information from Claimants to provide reasonable bases for the Class Administrator to monitor for and detect fraud. Such additional information may include, for example, retailers and locations (city and state) at which the Class Products were purchased. In

addition, the Claim Form will require the Claimant to declare that the information provided is true and correct to the best of the Claimant's recollection and understanding.

**4.4.** **Claim Validation.** The Class Administrator shall be responsible for reviewing all claims to determine their validity. The Class Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or with the terms of this Section 4, that is submitted after the Claims Deadline, or that the Class Administrator identifies as fraudulent. The Class Administrator shall retain sole discretion in accepting or rejecting claims and shall have no obligation to notify Claimants of rejected claims unless otherwise ordered by the Court.

**4.5.** *Pro Rata* **Adjustment of Cash Awards.** If the total value of all approved Claims either exceeds or falls short of the funds available for distribution to Class Members, then the amounts of the cash payments to Claimants will be reduced or increased *pro rata*, as necessary, to use all funds available for distribution to Class Members. Any such *pro rata* adjustment will be calculated prior to distribution of funds (*i.e.*, will be made in a single distribution).

**4.6.** **Timing of Distribution.** The Class Administrator shall pay out Approved Claims in accordance with the terms of this Agreement commencing within thirty (30) calendar days after the Effective Date, or as otherwise ordered by the Court. The Parties shall work with the Class Administrator to choose one or more manners of payment that are secure, cost-effective, and convenient for Claimants.

**4.7.** **Uncleared Payments: Second Distribution and Cy Pres.** Those Claimants whose payments are not cleared within one hundred and eighty (180) calendar days after issuance will be ineligible to receive a cash settlement benefit and the Class Administrator will have no further obligation to make any payment from the Settlement Fund pursuant to this Settlement Agreement or otherwise to such Claimant. Any funds that remain unclaimed or remain unused after the initial distribution will be distributed to Claimants who cashed the initial payment, on a pro rata basis, to the extent the cost of such redistribution is considered economical by the Class Administrator, Class Counsel, and NextFoods. If such redistribution is not considered economical, or if unpaid funds remain after a second distribution, any unpaid funds will be donated *cy pres* to the UCLA Resnick Center for Food Law and Policy, or, if not approved by the Court, one or more other Court-approved, non-sectarian, not-for-profit organizations whose work is sufficiently tethered to the allegations in this action.

**4.8.** **Taxes on Distribution**. Any person who receives a Cash Award will be solely responsible for any taxes or tax-related expenses owed or incurred by that person by reason of that Award. Such taxes and tax-related expenses will not be paid from the Settlement Fund. In no event will NextFoods, the Class Representatives, Class Counsel, the Class Administrator, or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the issuance of Cash Awards or other payments made from the Settlement Fund to Class Representatives, Settlement Class Members, or any other person or entity.

**5.** <u>**INJUNCTIVE RELIEF.**</u>

**5.1.** As part of the consideration of this Agreement, and without admitting that the previous labels were deceptive, unlawful, or actionable in any way, NextFoods agrees to implement

the following labeling practices with respect to all flavors of GoodBelly Probiotic JuiceDrinks sold in 1 Quart (32 oz.) containers:

      **5.1.1.** NextFoods agrees to remove the term "GoodHealth" from the label;

      **5.1.2.** NextFoods agrees that any reference to "overall health" or "overall wellness" shall be directly tied to digestive health (for example, rather than stating "may help promote healthy digestion and overall wellness," stating "may help promote healthy digestion, which in turn can promote overall wellness"); and

      **5.1.3.** NextFoods agrees that any time "overall health" or "overall wellness" is used on a label, it will include an asterisk to language on the label, which shall read:

      [LP299v] can be found naturally in the intestinal system, and may help promote healthy digestion when consumed daily as part of a nutritious diet and healthy lifestyle. GoodBelly is a food product and not a treatment or cure for any medical disorder or disease. If you have any concerns about your digestive system, please consult your healthcare professional. See Nutrition Facts Box for sugar content.

    **5.2.** **Term of Injunctive Relief; Timeline and Conditions for Implementing Injunctive Relief.** Within 6 months of the entry of Judgment, the Injunctive Relief Deadline, NextFoods shall implement the injunctive relief noted in this Section 5 by changing the labels of all flavors of GoodBelly Probiotic JuiceDrinks sold in 1 Quart (32 oz.) containers that are printed and placed into the marketplace on or after the Injunctive Relief Deadline. Nothing in this Agreement shall require NextFoods to withdraw, change, or otherwise modify labeling or advertising for any products already manufactured, distributed, in distribution or storage, and or stocked in stores prior to the Injunctive Relief Deadline. NextFoods shall be permitted to "sell through" all existing inventory, *i.e.*, need not recall or destroy packaging already in the marketplace or printed. The injunctive relief shall exist for a period of three years from the earliest of the Injunctive Relief Deadline or the date upon which NextFoods implements the injunctive relief, after which it shall expire in its entirety.

## 6.    CLASS NOTICE AND CLAIMS ADMINISTRATION.

    **6.1.** **Class Administrator.** The Class Administrator shall assist with various administrative tasks including, without limitation:

      **6.1.1** Establishing and operating the Settlement Fund;

      **6.1.2** Arranging for the dissemination of the Class Notice pursuant to the Notice Plan agreed to by the Parties and approved by the Court;

      **6.1.3** Making any mailings required under the terms of this Agreement or any Court order or law, including handling returned mail;

      **6.1.4** Answering inquiries from Class Members and/or forwarding such inquiries to Class Counsel;

      **6.1.5** Receiving and maintaining Requests for Exclusion;

**6.1.6**   Establishing a Settlement Website;

**6.1.7**   Establishing a toll-free informational telephone number for Class Members;

**6.1.8**   Receiving and processing (including monitoring for fraud and validating or rejecting) Class Member claims and distributing payments to Class Members;

**6.1.9**   Providing regular updates on the claims status to counsel for all Parties; and

**6.1.10**   Otherwise assisting with the implementation and administration of the Settlement.

**6.2.**   **Notice.** Notice of the Settlement will be made to the Class, and to certain federal and state officials.

**6.3.**   **To the Class.** Class Notice will be effectuated through advertisement in suitable print publications and through targeted internet and social-media based advertisements. The Class Notice will conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and will otherwise be in the manner and form approved by the Parties and Court.

**6.4.**   **Timing of Class Notice**. Class Notice will commence no later than twenty-one (21) calendar days following entry of the Preliminary Approval Order ("Settlement Notice Date").

**6.5.**   **CAFA Notice.** The Class Action Fairness Act of 2005 ("CAFA") requires NextFoods to inform certain federal and state officials about this Agreement and proposed Settlement no later than 10 days after the proposed Settlement Agreement is filed in court. *See* 28 U.S.C. § 1715. In compliance with the provisions of CAFA, the Class Administrator, on behalf of NextFoods, will serve notice upon the appropriate officials by September 29, 2023. *See* 28 U.S.C. § 1715(b). The costs of such notice will be paid from the Settlement Fund.

**6.6.**   **Opt-Out Procedures.** Class Members who wish to opt out of and be excluded from the Settlement must submit a Request for Exclusion to the Class Administrator, postmarked or submitted online no later than the Opt-Out Deadline. The Request for Exclusion must be personally completed and submitted by the Class Member or his or her attorney, and so-called "mass" or "class" opt-outs shall not be permitted or recognized. The Class Administrator shall periodically notify Class Counsel and NextFoods' counsel of any Requests for Exclusion. All Class Members who submit a timely, valid Request from Exclusion will be excluded from the Settlement and will not be bound by the terms of this Agreement, and all Class Members who do not submit a timely, valid Request for Exclusion will be bound by this Agreement and the Judgment, including the release in Paragraph 8.1 below.

**6.7.**   **Procedures for Objecting to the Settlement.** Class Members have the right to appear and show cause why the Settlement should not be granted final approval, subject to each of the provisions of this paragraph:

**6.7.1**   **Timely Written Objection Required.** Any objection to the Settlement must be in writing and must be filed with the Court on or before the Objection Deadline.

**6.7.2   Form of Written Objection.** Any objection regarding or related to the Agreement must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Class Member or his or her attorney if represented, (iii) information sufficient to establish the person's standing as a Settlement Class Member, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any (the "Objection").

**6.7.3   Authorization of Objections Filed by Attorneys Representing Objectors.** Class Members may object either on their own or through an attorney hired at their own expense, but a Class Member represented by an attorney must sign either the Objection itself or execute a separate declaration stating that the Class Member authorizes the filing of the Objection.

**6.7.4   Effect of Both Opting Out and Objecting.** If a Class Member submits both an Opt-Out Form and files an Objection, the Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

**6.7.5   Appearance at Final Approval Hearing.** Objecting Class Members may appear at the Final Approval Hearing and be heard. Such Class Members are requested, but not required, in advance of the Final Approval Hearing, to file with the Court a Notice of Intent to Appear.

**6.7.6   Right to Discovery**. Upon Court order, the Parties will have the right to obtain document discovery from and take depositions of any Objecting Class Member on topics relevant to the Objection.

**6.7.7   Response to Objections.** The Parties shall have the right, but not the obligation, either jointly or individually, to respond to any objection, with a written response due the same day as the Motion for Final Approval, or as otherwise ordered by the Court.

## 7.   <u>COURT APPROVAL</u>

**7.1.   Preliminary Approval.** After executing this Agreement, Plaintiffs will submit to the Court the Agreement, and will request that the Court enter the Preliminary Approval Order in substantially similar form as the proposed order attached as <u>Exhibit 4</u>. In the Motion for Preliminary Approval, Plaintiffs will request that the Court grant preliminary approval of the proposed Settlement, provisionally certify the Class for settlement purposes and appoint Class Counsel, approve the forms of Notice and find that the Notice Plan satisfies Due Process and Rule 23 of the Federal Rules of Civil Procedure, and schedule a Final Approval Hearing to determine whether the Settlement should be granted final approval, whether an application for attorneys' fees and costs should be granted, and whether an application for service awards should be granted.

**7.2.   Final Approval.** A Final Approval Hearing to determine final approval of the Agreement shall be scheduled as soon as practicable, subject to the calendar of the Court, but no sooner than one hundred (100) calendar days after the Preliminary Approval Date. If the Court

issues the Preliminary Approval Order and all other conditions precedent of the Settlement have been satisfied, no later than fourteen (14) calendar days before the Final Approval Hearing and eighteen (18) calendar days after the Objection Deadline all Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially similar form as the proposed order attached as Exhibit 3, with Class Counsel filing a memorandum of points and authorities in support of the motion. NextFoods may, but is not required to, file a memorandum in support of the motion.

**7.3.    Failure to Obtain Approval.** If this Agreement is not given preliminary or final approval by the Court, or if an appellate court reverses final approval of the Agreement, the Parties will seek in good faith to revise the Agreement as needed to obtain Court approval. Failing this, the Parties will be restored to their respective places in the litigation. In such event, the terms and provisions of this Agreement will have no further force or effect with respect to the Parties and will not be used in this or any other proceeding for any purposes, and any Judgment or Order entered by the Court in accordance with the terms of this Agreement will be treated as vacated. The Parties agree that, in the event of any such occurrence, the Parties shall stipulate or otherwise take all necessary action to resume this Action at the procedural posture it occupied immediately prior to the filing of the Parties' Notice of Settlement, as though this Agreement had never been reached.

## 8.    <u>RELEASE</u>

**8.1.    Release of NextFoods and Related Persons.** Upon the Effective Date, each Class Member who has not opted out will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged the Released NextFoods Persons (including, without limitation, all past, current, or former agents, employees, contractors, affiliates, heirs, attorneys, insurers, and assignees thereof) from any and all claims, demands, rights, suits, liabilities, injunctive and/or declaratory relief, and causes of action, including costs, expenses, penalties, and attorneys' fees, whether known or unknown, matured or unmatured, at law or in equity, existing under federal or any state's law, that any Class Member has or may have against the Released NextFoods Persons arising out of the transactions, occurrences, events, behaviors, conduct, practices, and policies alleged in the Action regarding the Class Products, which have been, or which could have been asserted in the Action, and that have been brought, could have been brought, or are currently pending in any forum in the United States.  The Released Claims include claims that the Class Representatives do not know or suspect to exist in their favor at the time of granting a release, which if known by them might have affected their Settlement of the Action.  This Section constitutes a waiver of any and all provisions, rights, and benefits conferred by any law of any state of the United States, or any law of any state or territory of the United States, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Class Representatives understand and acknowledge the significance of this waiver of California Civil Code section 1542 and/or of any other similar applicable law relating to limitations on releases. The Class Representatives acknowledge that they are aware that they and/or Class Counsel may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released NextFoods Persons, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**8.2.    Covenant Not to Sue**. The Class Representatives agree and covenant, and each Class Member who has not opted out will be deemed to have agreed and covenanted, not to sue any of Released Parties, with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

**8.3.    Release of Class Representatives and Related Persons by NextFoods.** Upon the Effective Date, NextFoods will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged Class Representatives, the Class, and Class Counsel from any and all claims, demands, rights, suits, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that NextFoods has or may have against any of them arising out of the transactions, occurrences, events, behaviors, conduct, practices, and policies alleged in the Action regarding the Class Products, and in connection with the filing and conduct of the Action, that have been brought, could have been brought, or are currently pending in any forum in the United States.

**9.    <u>MISCELLANEOUS</u>**

**9.1.    Change of Time Periods.** The time periods and/or dates described in this Settlement Agreement are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

**9.2.    Time for Compliance**. If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

**9.3.    Entire Agreement.** This Agreement shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement and shall supersede any previous agreements, representations, communications, and understandings among the Parties with respect to the subject matter of this Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or undertaking concerning any part or all of the subject matter of the Agreement has been made or relied upon except as expressly set forth herein.

**9.4.    Notices Under Agreement.** All notices or mailings required by this Agreement to

be provided to or approved by Class Counsel and NextFoods, or otherwise made pursuant to this Agreement, shall be provided as follows:

|  |  |
|---|---|
| **Class Counsel** | **NextFoods** |
| Jack Fitzgerald | Ryan Hansen |
| *jack@fitzgeraldjoseph.com* | *ryan.hansen@brownliehansen.com* |
| Fitzgerald Joseph LLP | Brownlie Hansen LLP |
| 2341 Jefferson Street, Suite 200 | 10920 Via Frontera, Suite 550 |
| San Diego, CA 92110 | San Diego, CA |

**9.5.    Good Faith.** The Parties acknowledge that each intends to implement the Agreement. The Parties have at all times acted in good faith and shall continue to, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use reasonable efforts to implement all terms and conditions of this Agreement.

**9.6.    Binding on Successors.** This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of the Parties to the Agreement and the released Parties and persons.

**9.7.    Arms'-Length Negotiations.** This Agreement compromises claims that are contested, and the Parties agree that the consideration provided to the Class and other terms of this Agreement were negotiated in good faith and at arms' length by the Parties, and reflect an Agreement that was reached voluntarily, after consultation with competent legal counsel. The Parties reached the Agreement after considering the risks and benefits of litigation. The determination of the terms of, and the drafting of, this Agreement, has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. Accordingly, the rule of construction that any ambiguities are to be construed against the drafter shall have no application.

**9.8.    Waiver.** The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

**9.9.    Modification in Writing Only.** This Agreement and any and all parts of it may be amended, modified, changed, or waived only by a writing signed by duly authorized agents of the Parties.

**9.10.    Headings.** The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**9.11.    Governing Law.** This Agreement shall be interpreted, construed and enforced according to the laws of the State of California, without regard to conflicts of law.

**9.12.    Continuing Jurisdiction.** After entry of the Judgment, the Court shall have continuing jurisdiction over the Action solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

**9.13.    Execution.** This Agreement may be executed in one or more counterparts. All

executed counterparts and each of them will be deemed to be one and the same instrument. Photocopies and electronic copies (e.g., PDF copies) shall be given the same force and effect as original signed documents.

**IN WITNESS WHEREOF**, each of the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all of the undersigned.

**Plaintiffs, on behalf of the Class**

_____     Dated: ___9/22/2023___
Evlyn Andrade

_____     Dated: _____
Valerie Gates

**Class Counsel**

_____     Dated: _____
Jack Fitzgerald

**NextFoods, Inc.**

_____     Dated: _____
Name:
Position:

DocuSign Envelope ID: E822EAG2-C3C1-4372-8D7A-6EFF57BEEAD5

executed counterparts and each of them will be deemed to be one and the same instrument. Photocopies and electronic copies (e.g., PDF copies) shall be given the same force and effect as original signed documents.

   **IN WITNESS WHEREOF**, each of the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all of the undersigned.

**Plaintiffs, on behalf of the Class**

_____  Dated: _____
Evlyn Andrade

_____  Dated: 9/22/2023
Valerie Gates

**Class Counsel**

_____  Dated: _____
Jack Fitzgerald

**NextFoods, Inc.**

_____  Dated: _____
Name:
Position:

executed counterparts and each of them will be deemed to be one and the same instrument. Photocopies and electronic copies (e.g., PDF copies) shall be given the same force and effect as original signed documents.

**IN WITNESS WHEREOF**, each of the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all of the undersigned.

**Plaintiffs, on behalf of the Class**

_____     Dated: _____
Evlyn Andrade

_____     Dated: _____
Valerie Gates

**Class Counsel**

DocuSigned by:

_Jack Fitzgerald_     Dated: ___9/22/2023___
Jack Fitzgerald

**NextFoods, Inc.**

_____     Dated: _____
Name:
Position:

executed counterparts and each of them will be deemed to be one and the same instrument. Photocopies and electronic copies (e.g., PDF copies) shall be given the same force and effect as original signed documents.

**IN WITNESS WHEREOF**, each of the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by all of the undersigned.

**Plaintiffs, on behalf of the Class**

_____       Dated: _____, 2023
Evlyn Andrade-Heymsfield

_____       Dated: _____, 2023
Valerie Gates

**Class Counsel**

_____       Dated: _____, 2023
Jack Fitzgerald

**NextFoods, Inc.**

_____       Dated: _September 22_, 2023
Name:
Position:   _Barbara Keiger_
            _CFO_

# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**NOTICE OF CLASS ACTION SETTLEMENT**

*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.)

*The United States District Court has authorized this notice.*
*This is not a solicitation from a lawyer.*

You may be a Class Member entitled to a Cash Award if you purchased any flavor of GoodBelly Probiotic JuiceDrink sold in a 1 Quart (32oz.) container between August 13, 2017 and [DATE SETTLEMENT NOTICE DATE]

**THIS NOTICE CONCERNS YOUR LEGAL RIGHTS, WHICH ARE AFFECTED WHETHER YOU ACT OR DON'T. PLEASE READ IT CAREFULLY.**

| Summary of Your Legal Rights & Options | |
|---|---|
| **Submit a Claim Form** | **Obtain compensation from the Settlement.** The only way to get a monetary payment. Claim Forms must be submitted online at the Settlement Website, www.[URL].com/ClaimForm, or mailed to the Class Administrator by [Claim Deadline] |
| **Ask to be Excluded** | **Opt out of the Settlement, get no benefits from it, and retain your claims.** You may ask to be excluded from the Settlement, in which case your individual claims will not be released if the Settlement is approved by the Court. But if you ask to be excluded, you cannot obtain compensation from the Settlement. Opt-Out Forms must be submitted online at the Settlement Website, www.[URL].com/OptOutForm, or mailed to the Class Administrator by [Opt-Out Deadline]. |
| **Object** | **Tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate.** You may mail to the Class Administrator or file with the Court a written objection no later than [Objection Deadline], and/or appear at the Final Approval Hearing to tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate.  If you object, you may still submit a claim form and be eligible to receive settlement benefits if the Settlement becomes final. |
| **Do Nothing** | **Stay in the Settlement, await the outcome, give up certain rights.** By doing nothing, you will get no compensation from the Settlement, and give up any right you may have to sue the Defendant separately about the same legal claims in this lawsuit. |

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

| WHAT THIS NOTICE CONTAINS |
|:---:|

**Basic Information**.................................................................................................................. **4**

   1.   Why is there a Notice?................................................................................................ 4

   2.   What is this lawsuit about?.......................................................................................... 4

   3.   Why is this a class action?........................................................................................... 4

   4.   Why is there a settlement?........................................................................................... 4

**Who is in the Settlement?** ........................................................................................................ **4**

   5.   How do I know if I am part of the Settlement?............................................................ 4

   6.   What if I am still not sure if I am included in the Settlement? ..................................... 5

**What are the Terms of the Settlement?** ................................................................................. **5**

   7.   What types of relief does the Settlement provide?....................................................... 5

   8.   What is the Settlement Fund? ..................................................................................... 5

   9.   What can I get from the Settlement?............................................................................ 5

   10.  What am I giving up to get a payment? ...................................................................... 5

   11.  How do I make a claim? ............................................................................................. 5

   12.  When will I get my Cash Award? ................................................................................ 6

   13.  What injunctive relief does the Settlement provide? ................................................... 6

**Excluding Yourself from the Settlement**............................................................................... **6**

   14.  How do I get out of the Settlement? ........................................................................... 6

   15.  If I don't exclude myself, can I sue Defendant for the same thing later? ..................... 7

   16.  If I exclude myself, can I still get a Settlement payment? .......................................... 7

**Objecting to the Settlement**.................................................................................................... **7**

   17.  How do I tell the Court if I do not like the Settlement?................................................ 7

   18.  What is the difference between objecting and excluding myself?................................. 8

**The Lawyers Representing You** .............................................................................................. **8**

   19.  Do I have a lawyer in the case?................................................................................... 8

   20.  How will the lawyers be paid?..................................................................................... 8

**Notice and Administration Expenses** ..................................................................................... **8**

   21.  How will notice and administration expenses be paid? ............................................... 8

**The Court's Final Approval Hearing**.................................................................................... **9**

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

Page **2** of **10**

22.    When and where will the Court decide whether to approve the Settlement? ................................. 9

23.    Do I have to come to the hearing? ......................................................................................... 9

24.    May I speak at the hearing? ................................................................................................. 9

**If You Do Nothing** ............................................................................................................... **9**

25.    What happens if I do nothing at all? .................................................................................... 9

**Getting More Information** .................................................................................................... **9**

26.    How can I get more information? ......................................................................................... 9

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

Page **3** of **10**

**Basic Information**

| 1. | **Why is there a Notice?** |

You have the right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

The court in charge of this case is the United States District Court for the Southern District of California (the "Court"), and the case is called *Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.). The case is assigned to the Honorable Barry Ted Moskowitz. The individuals who sued are called the Class Representatives. Those persons are Evlyn Andrade-Heymsfield and Valerie Gates (who filed a separate action titled *Gates v. NextFoods, Inc.*, No. 23-cv-530-FJS (N.D.N.Y.). The company they sued, NextFoods, Inc. ("NextFoods"), is called the Defendant.

| 2. | **What is this lawsuit about?** |

The lawsuit alleges NextFoods violated certain laws in labeling GoodBelly Probiotic JuiceDrinks that contain sugar with certain "health and wellness" claims. NextFoods denies any and all wrongdoing and has asserted various defenses that it believes are meritorious.

| 3. | **Why is this a class action?** |

In a class action, one or more people called "Class Representatives" (in this case, Evlyn Andrade-Heymsfield and Valerie Gates), sue on behalf of people who have similar claims, all of whom are a class, or class members. Bringing a case as a class action allows the adjudication of many similar claims that might be economically too small to bring in individual actions. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |

NextFoods denies that the labeling of GoodBellly Probiotic JuiceDrinks violated any law and denies that it did anything wrong. Both sides have agreed to a Settlement, which will allow both sides to avoid the risk and cost of further litigation. The Court has not decided in favor of the Class or NextFoods. The Class Representatives and their attorneys think the Settlement is best for the Class.

**Who is in the Settlement?**

| 5. | **How do I know if I am part of the Settlement?** |

The Class includes all persons in the United States who, between August 13, 2018 and [SETTLEMENT NOTICE DATE] (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, one of the Class Products. The Class Products include all flavors of GoodBelly Probiotic JuiceDrinks sold in 1 Quart (32 oz.) containers during the Class Period.

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

Page 4 of 10

| 6. | What if I am still not sure if I am included in the Settlement? |
|---|---|

If you are not sure whether you are a Class Member, or have any other questions about the Settlement, you should visit the Settlement Website, www.[URL].com, or call the Settlement Administrator toll-free at 1-8xx-xxx-xxxx. Do not contact NextFoods, Inc. or the Court to inquire regarding the Settlement.

### <u>What are the Terms of the Settlement?</u>

| 7. | What types of relief does the Settlement provide? |
|---|---|

The Settlement provides both monetary and injunctive relief to all Class Members. Class Members who make claims will be entitled to monetary compensation, on a *pro rata* basis, depending on how many Class Products they purchased during the Class Period. Although NextFoods denies its labeling violated any law, NextFoods has also agreed to revise the Class Products' labeling to address the Class's claims, as described further in response to Question 13 below.

| 8. | What is the Settlement Fund? |
|---|---|

As part of the Settlement, NextFoods has agreed to establish a $1,250,000, non-reversionary Settlement Fund to pay all Settlement Expenses, including the costs of Class Notice and Administration, attorneys' fees and costs, service awards for the Class Representatives, and Cash Awards for Class Members who make claims.

| 9. | What can I get from the Settlement? |
|---|---|

Class Members who timely submit a valid approved claim are entitled to compensation of $1 per Class Product purchased during the Class Period, with a cap of 5 Products without proof of purchase (and no cap with proof of purchase of more than 5 Products during the Class Period). The actual amount of the Cash Award any individual claimant receives will depend on both the number of claims made.

| 10. | What am I giving up to get a payment? |
|---|---|

If you are a Class Member, unless you exclude yourself from the Settlement, you cannot sue NextFoods, continue to sue, or be part of any other lawsuit against NextFoods about the claims released in this Settlement. It also means that all decisions by the Court will bind you. The Released Claims and Released NextFoods Persons are defined in the Settlement Agreement and describe the legal claims that you give up (or "release") if you stay in the Settlement. The Released Claims relate to the Class Products and issues raised in the lawsuit. The Settlement Agreement is available on the Settlement Website, www.[URL].com.

| 11. | How do I make a claim? |
|---|---|

Class Members wishing to make a claim must either (a) visit the Settlement Website, www. [URL].com, and submit a claim form online, or (b) print, fill out, and mail the claim form to the Class Administrator at the following address:

[Administrator]
[mailing address]

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

**The deadline for submitting a claim is [Claims Deadline].**

| **12.** | **When will I get my Cash Award?** |
|---|---|

Cash Award payments will be made to Class Members who make valid and timely claims after the Court grants "final approval" to the Settlement, and after any appeals are resolved. If the Court approves the Settlement, there may be appeals. It is always uncertain when these appeals will be resolved, and resolving them can take time.

| **13.** | **What injunctive relief does the Settlement provide?** |
|---|---|

Although NextFoods denies that its labeling was unlawful, as part of the Settlement, NextFoods has agreed that, beginning 6 months after the entry of a Final Approval Order and for a period of at least 36 months thereafter, it will make the following labeling changes to all flavors of GoodBelly Probiotic JuiceDrinks sold in 1 Quart (32 oz.) containers:

- NextFoods agrees to remove the term "GoodHealth" from the label;

- NextFoods agrees that any reference to "overall health" or "overall wellness" shall be directly tied to digestive health (for example, rather than stating "may help promote healthy digestion and overall wellness," stating "may help promote healthy digestion, which in turn can promote overall wellness"); and

- NextFoods agrees that any time "overall health" or "overall wellness" is used on a label, it will include an asterisk to language on the label, which shall read:

  > [LP299v] can be found naturally in the intestinal system, and may help promote healthy digestion when consumed daily as part of a nutritious diet and healthy lifestyle. GoodBelly is a food product and not a treatment or cure for any medical disorder or disease. If you have any concerns about your digestive system, please consult your healthcare professional. See Nutrition Facts Box for sugar content.

### Excluding Yourself from the Settlement

| **14.** | **How do I get out of the Settlement?** |
|---|---|

If you do not want to be bound by the Settlement, you must request to be excluded from the Settlement. If you request to be excluded, you will retain any individual rights you have against NextFoods and will not be deemed to have individually "released" NextFoods from any of the Released Claims. However, you will **not** be eligible to receive compensation under the Settlement, as described above. You also may not object to the Settlement if you request to be excluded.

To exclude yourself (or "opt-out") from the Settlement, you must visit the Settlement Website, www.[URL].com, and either complete and submit the Opt-Out Form online, or print, complete, and mail the Opt-Out Form to the Class Administrator at the following address:

[Administrator]
[mailing address]

**To be timely, an Opt-Out Form must be submitted online or postmarked on or before [Opt-Out Deadline].**

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

| **15.** | **If I don't exclude myself, can I sue Defendant for the same thing later?** |
| --- | --- |

No. Unless you exclude yourself, you give up any right to sue NextFoods for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit to determine whether you must exclude yourself from this Settlement to continue your own lawsuit. If you properly exclude yourself from the Settlement, you shall not be bound by any orders or judgments entered in the Action relating to the Settlement.

| **16.** | **If I exclude myself, can I still get a Settlement payment?** |
| --- | --- |

No. You will not get any money from the Settlement if you exclude yourself. If you exclude yourself from the Settlement, do not submit a Claim Form asking for benefits.

### **Objecting to the Settlement**

| **17.** | **How do I tell the Court if I do not like the Settlement?** |
| --- | --- |

If you are a Class member, you can object to the Settlement if you do not think it is fair, reasonable, or adequate, including Class Counsel's motion for an award of attorneys' fees and costs and expenses, and/or the requested service award payments to the Class Representatives. The Court cannot order a larger settlement or award you more based on your individual circumstances; the Court can only approve or deny the Settlement as it is presented.

If you wish to object, your Objection must contain:

(a)   The name of this Action (*Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.)), and a statement that the document is an objection;

(b)   Your full name, address, and telephone number or, if objecting through counsel, your lawyer's name, address, and telephone number;

(c)   A statement of the Class Product(s) you bought during the Class Period;

(d)   A clear and concise statement of your objection, as well as any facts and law supporting the objection; and

(e)   You and/or your attorney's signature.

To be considered by the Court, your objection must, by [Objection Deadline], either be filed with the Court or mailed to the following address:

[Administrator]
[mailing address]

If you do not comply with these procedures and the deadline for objections, you may waive your opportunity to have your Objection considered at the Final Approval Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed Settlement. You will still be eligible to receive settlement benefits if the Settlement becomes final, even if you object to the Settlement, if you submitted a claim.

Objecting Class members may appear at the Final Approval Hearing but are not required to do so. Class Members that wish to appear, are requested, but not required to mail to the Class Administrator at the above address or file with the Court in advance of the Hearing, a Notice of Intent to Appear.

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

Instructions and requirements for objecting are set forth in the Court's Preliminary Approval Order, which is available on the Class Settlement Website, www.[URL].com.

| **18.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## The Lawyers Representing You

| **19.** | **Do I have a lawyer in the case?** |
|---|---|

Yes. The Court has appointed Fitzgerald Joseph LLP as Class Counsel. The lawyers representing you will be paid, only with the Court's approval, from the Settlement Fund, as explained below in Question 20. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **20.** | **How will the lawyers be paid?** |
|---|---|

Class Counsel spent considerable time and effort prosecuting this matter on a purely contingent fee basis, and advanced the expenses of the litigation, in the expectation that they would receive a fee, and have expenses reimbursed, only if there was a benefit created for the Class. Class Counsel will file a motion on or before [Fee Motion Deadline] seeking an award of fees in an amount equal to their lodestar (*i.e.*, the number of hours spent on the action multiplied by the lawyers' hourly rates, which must be approved by the Court), which is currently estimated to be approximately $530,000. Class Counsel will also seek reimbursement of case expenses totaling approximately $37,000. Finally, Class Counsel will ask the Court for service awards of $5,000 each for Class Representatives Evlyn Andrade-Heymsfield and Valerie Gates.

After Class Counsel's motion for attorneys' fees, expenses, and service awards is filed on or before [Fee Motion Deadline], it will be posted on the Settlement Website, www.[URL].com, and you will have an opportunity to review and comment on the motion via an Objection. The Court will then determine the amount of fees, expenses, and service awards, which will be paid from the Settlement Fund.

## Notice and Administration Expenses

| **21.** | **How will notice and administration expenses be paid?** |
|---|---|

Using the Class Administrator's estimates regarding the Class size and likely claims rate, notice and administration expenses, to be paid from the Settlement Fund, are currently estimated to be $[cost].

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

Page **8** of 10

### The Court's Final Approval Hearing

| 22. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing (sometimes called a "fairness hearing") on [DATE], 2022, at [time] p.m., in Courtroom 15B of the United States Courthouse, 333 West Broadway, San Diego, California 92101. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and may also consider how much to award to Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement.

| 23. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions that the Court may have, but you may come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. If you timely mail your written objection to the Class Administrator (see Question 17 above), Class Counsel will submit it to the Court on your behalf for consideration. You may also pay your own lawyer to attend, but it is not necessary.

| 24. | May I speak at the hearing? |
|---|---|

Yes. You may appear and speak at the Final Approval Hearing. Although it is not required, if you intend to appear and speak, you are requested to mail notice of your intent to appear no later than [Objection Deadline], to the same address identified above for objections (see Question 17). Persons who opt out, however, may not appear and be heard.

### If You Do Nothing

| 25. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not get a payment from the Settlement but you will still be bound by the release. Unless you exclude yourself, if the Settlement is approved, you will not be able to start a lawsuit, or be part of any other lawsuit against NextFoods regarding claims based on the same facts as the Released Claims in this case.

### Getting More Information

| 26. | How can I get more information? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement and in case documents, available at the Settlement Website, www.[URL].com. If you have additional questions, you can visit the Settlement Website or contact the Class Administrator:

**By Mail:** [Administrator]

**By Email:** [email]

**By Phone (Toll Free):** 1-8xx-xxx-xxxx

Updates will be posted at the Settlement Website, as information about the Settlement process becomes available.

You are also welcome to contact Class Counsel with any questions:

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

**By Email:**     jack@fitzgeraldjoseph.com

**By Phone:**     (619) 215-1741

For a more detailed statement of the matters involved in the litigation or the Settlement, you may review the various documents on the Settlement Website, and/or the other documents filed in this case by visiting, during business hours, the Clerk's Office at the United States District Court for the Southern District of California, James M. Carter & Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, file: *Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB, or by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

\*            \*            \*

**PLEASE DO NOT TELEPHONE OR ADDRESS ANY QUESTIONS ABOUT THE CASE OR SETTLEMENT TO THE CLERK OF THE COURT OR TO THE JUDGE. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS. THE COURT EXPRESSES NO VIEW AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY ANY PARTY TO THE ACTION.**

Questions? Visit www.[URL].com or call toll free 1-8xx-xxx-xxxx

Page **10** of 10

# Exhibit 2

## LEGAL NOTICE

**If You Purchased any Flavor of GoodBelly Probiotic JuiceDrink Sold in a 1 Quart (32oz.) Container Between August 13, 2017 and [SETTLEMENT NOTICE DATE], You May Be Affected by a Proposed Class Action Settlement.**

*The United States District Court has authorized this notice. This is not a solicitation from a lawyer.*

A proposed settlement has been reached against NextFoods, Inc. ("NextFoods") in an action alleging that certain "health and wellness" representations on GoodBelly Probiotic JuiceDrink products were misleading in light of the drinks' sugar content. The case is known as *Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.). NextFoods denies the allegations and denies that its product labeling was misleading or unlawful.

This is only a summary of the key settlement terms. A full copy of the Settlement Agreement and Class Notice is available at www.[URL].com, or by calling 1-8xx-xxx-xxxx.

### Who is Included?

The Settlement Class includes all persons in the United States who, between August 13, 2017 and [SETTLEMENT NOTICE DATE] (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any flavor of GoodBelly Probiotic JuiceDrink sold in a 1 Quart (32oz.) container. See the Settlement Website, www.[URL].com, for the specific products included in the Settlement.

### What Does the Settlement Provide?

The proposed settlement will provide the Class with $1,250,000 in monetary benefits (the "Settlement Fund"); and with injunctive relief in the form of labeling changes NextFoods has agreed to make.

### Who Can Receive a Payment?

Class Members who timely submit a valid approved claim are entitled to compensation. Each timely, valid claimant will receive a payment based on the type and estimated amount of Class Products purchased during the Class Period. The amount of the Cash Award any individual receives will depend on both the number of claims made, and each claimant's purchase history.

Claim Forms and more information about the claims process are available on the Settlement Website, www.[URL].com. **The deadline for submitting a claim is [Claims Deadline].**

### What are Class Members' Other Options?

Class Members may opt out of this Settlement. A Class Member who opts out will retain rights to sue NextFoods separately, but will not be eligible to receive any compensation under the Settlement. To opt out, a Class Member must submit an Opt-Out Form on the Settlement

Website, www.[URL].com. Alternatively, Opt-Out Forms can be downloaded, filled out, and mailed to the Class Administrator at: [Administrator], [address]. **Opt-Out Forms must be submitted online or postmarked on or before [Opt-Out Deadline].**

Class Members may also object to any part of this Settlement by mailing an Objection to the Class Administrator at [Administrator], [address]. Alternatively, Class Members may file an Objection with the Court. Further details regarding the procedures for objecting are available at www.[URL].com. **Objections must be postmarked or filed on or before [Objection Deadline].** Class members who object to the Settlement will still be eligible to receive settlement benefits if the Settlement becomes final, if they also submitted claims.

### Has the Court Approved the Settlement?

The Court has not yet approved the Settlement, but has set a Final Approval Hearing for [date], 2023, to determine whether the Settlement is fair, reasonable, and adequate for the Class. The Court will also consider during that hearing whether and in what amount to award attorneys' fees and expenses to Class Counsel, and service awards to the Class Representatives, which shall come from the Settlement Fund, along with Notice and Administration expenses currently estimated at $[cost]. Prior to making that determination, the Court will set a deadline for Class Counsel to make a motion, the motion will be posted on the Settlement Website, www.[URL].com, and Class Members will have an opportunity to respond and object.

As described further on the Settlement Website, Class Counsel intend to seek an award of fees in the amount of their lodestar (the amount expended on the case) of approximately $530,000, and reimbursement of case expenses of approximately $37,000, along with incentive awards of $5,000 each for Class Representatives Evlyn Andrade-Heymsfield and Valerie Gates.

You do not need to appear at the Final Approval Hearing, but you may come at your own expense. The Court has appointed Fitzgerald Joseph LLP as Class Counsel. The lawyers representing you will be paid, only with the Court's approval, from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense. For more information, or to view the motion for attorneys' fees, expenses, and service awards after it is filed on or before [Fee Motion Deadline], please visit the Settlement Website, www.[URL].com.

**PLEASE DO NOT CALL OR WRITE THE COURT FOR INFORMATION OR ADVICE.**

# Exhibit 3

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

8
9

EVLYN ANDRADE-HEYMSFIELD, on
behalf of herself, all others similarly situated,
and the general public,

            Plaintiff,

            v.

NEXTFOODS, INC.,

            Defendant.

Case No. 3:21-cv-1446-BTM-MSB

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL ORDER OF DISMISSAL**

Judge:    Hon. Barry Ted Moskowitz

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court having held a Final Approval Hearing on [date], 2024, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Granting Preliminary Approval of the Class Action Settlement, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and good cause appearing therefore,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1.    <u>Incorporation of Other Documents</u>. The Settlement Agreement dated September 23, 2023, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.    <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order: All persons in the United States who, between August 13, 2017, and [SETTLEMENT NOTICE DATE] (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products identified in the Settlement Agreement.[1] Excluded from the Settlement Class are all persons who validly excluded themselves from the Settlement Class according to the terms of this Court's Preliminary Approval Order.

3.    <u>Class Certification</u>. For purposes of settlement only, the Settlement Class, as defined in the Settlement Agreement and above, meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and 23(b). Accordingly, for purposes of settlement, the Court finally certifies the Settlement Class.

4.    <u>Adequate Representation</u>. The Class Representatives and Class Counsel have adequately represented the Settlement Class in accordance with Federal Rule of Civil Procedure 23(e)(2)(A).

---

[1] The Class Products include all flavors of GoodBelly Probiotic JuiceDrinks sold in 1 Quart (32 oz.) containers during the Class Period.

5.      Arms-Length Negotiations. The Settlement Agreement is the product of arms-length settlement negotiations between the Class Representatives and Class Counsel, on the one hand, and Defendant and its counsel, on the other, in accordance with Federal Rule of Civil Procedure 23(e)(2)(B).

6.      Class Notice. The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on September 22, 2023, satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

7.      CAFA Notice. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.      Settlement Class Response. A total of [number] Settlement Class Members submitted timely and proper Requests for Exclusion, as reported in the declaration of the Class Administrator submitted to this Court. The Court hereby orders that each of the individuals listed by the Class Administrator as having submitted a valid Request for Exclusion is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9.      Objections. A total of [number] Settlement Class Members submitted timely and proper Objections to the Settlement Agreement. Having considered those Objections and the Parties' responses to them, the Court finds that none of the Objections is well founded. Plaintiffs faced serious risks both on the merits of their claims and on the ability to maintain certification as a litigation class in this matter. The relief provided to the Settlement Class pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorneys' fees this Court has awarded. *See* Fed. R. Civ. P. 23(e)(2)(C)(i), (iii). The Settlement also treats Settlement Class Members equitably

relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

10.    <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

11.    <u>Attorneys' Fees and Costs; Service Awards</u>. The Court approves Class Counsel's application for attorneys' fees and costs in the amount of $ _____ in fees and $ _____ in costs; and approves service awards of $ _____ for Class Representatives Evlyn Andrade-Heymsfield and Valerie Gates.

12.    <u>Dismissal</u>. The Court hereby DISMISSES WITH PREJUDICE this action *Andrade-Heymsfield v. NextFoods, Inc.*, No. 21-cv-1446-BTM-MSB (S.D. Cal.), without costs to any party, except as expressly provided for in the Settlement Agreement.

13.    <u>Release</u>. Upon the Effective Date as defined in the Settlement Agreement, the Plaintiff, Class Representatives, and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released NextFoods Persons from the Released Claims, as set forth in the Settlement Agreement.

14.    <u>Injunction Against Released Claims</u>. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

16. <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

17. <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

18. <u>Injunctive Relief</u>. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

19. <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of the Judgment and the Agreement and all matters ancillary to the same.

20. <u>Entry of Judgment</u>. The Clerk of the Court is directed to enter Judgment.

**IT IS SO ORDERED.**

DATED: _____

                                          _____

                                          Hon. Bary Ted Moscowitz
                                          United States District Judge

# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EVLYN ANDRADE-HEYMSFIELD, on
behalf of herself, all others similarly situated,
and the general public,

    Plaintiff,

    v.

NEXTFOODS, INC.,

    Defendant.

Case No. 3:21-cv-1446-BTM-MSB

**[PROPOSED] ORDER GRANTING
MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

Judge:    Hon. Barry Ted Moskowitz

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, Class Representatives Evlyn Heymsfield and Valerie Gates have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action in accordance with the September 22, 2023 Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Jack Fitzgerald in Support of Plaintiffs' September 22, 2023 Motion for Preliminary Approval of Class Settlement (the "Motion"), which Settlement Agreement sets forth the terms and conditions for a proposed classwide settlement of the Action;

WHEREAS, the Court, has read and considered the Settlement Agreement, Plaintiffs' Motion, and the arguments of counsel;

**NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1.  Settlement Terms. All capitalized terms herein have the same meanings ascribed to them in the Settlement Agreement.

2.  Jurisdiction. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3.  Preliminary Approval of Proposed Settlement Agreement. The Court finds that, subject to the Final Approval hearing, the proposed Settlement Agreement is fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case; and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Therefore, the Court grants preliminary approval of the Settlement.

4.  Class Certification for Settlement Purposes Only. The Court conditionally certifies, for settlement purposes only, a Settlement Class defined as all persons who, between

August 13, 2017 and the Settlement Notice Date (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any flavor of GoodBelly Probiotic JuiceDrink sold in a 1 Quart (32 oz.) container during the Class Period (the "Class Products").

5.     The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     <u>Class Representatives</u>. The Court appoints Evlyn Andrade-Heymsfield and Valerie Gates as Class Representatives.

7.     <u>Class Counsel</u>. The Court appoints Fitzgerald Joseph LLP as Class Counsel.

8.     <u>Settlement Class Administrator</u>. The Court hereby approves Postlethwaite & Netterville, APAC ("P&N") to act as Class Administrator.  P&N shall be required to perform all the duties of the Class Administrator as set forth in the Agreement and this Order.

9.     <u>Qualified Settlement Fund</u>. P&N is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Class Administrator operating as administrator of the Settlement Fund shall be construed as costs of Claims Administration

and shall be borne solely by the Settlement Fund. Interest on the Settlement Fund shall inure to the benefit of the Class.

10.  <u>Class Notice</u>.  The Court approves the form and content of the Class Notice in the long form attached to the Settlement Agreement as Exhibit 1, the short form attached to the Settlement Agreement as Exhibit 2, and the other forms of notice submitted with the Motion for Preliminary Approval. The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement and in P&N Notice Plan as set forth in the September 22, 2023 Declaration of Brandon Schwartz meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Notice in any form, whether video, audio, digital, or otherwise, shall not deviate from the language of the short and long form notices and the banner notice language approved by the Court.  Accordingly, the Court hereby approves the Notice Plan.

11.  <u>Objection and Exclusion Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Exclusion Deadline of [date]. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

12.  <u>Exclusion from the Settlement Class</u>. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and submit online at the Settlement Website by the Exclusion Deadline, or send a compliant request to the Class Administrator at the address designated in the Class Notice, postmarked by the Exclusion Deadline. No Request for Exclusion may be made on behalf of a group of Settlement Class Members.

13.  All Settlement Class Members who submit a timely, valid Request for Exclusion will be excluded from the Settlement and will not be bound by the terms of the Settlement Agreement and any determinations and judgments concerning it. All Settlement Class

Members who do not submit a valid Request for Exclusion by [date], in accordance with the terms set forth in the Agreement, will be bound by all determinations and judgments concerning the Agreement.

14.    Objections to the Settlement. To object to the Settlement, Settlement Class Members should follow the directions in the Notice and file with the Court or mail to the Class Administrator a written Objection by the Objection Deadline. In the written Objection, the Settlement Class Member should include (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) the Settlement Class Member's name, current address, and telephone number, or—if objecting through counsel—his or her lawyer's name, address, and telephone number, (iii) the Class Product(s) the Settlement Class Member bought during the Class Period, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any. Upon the Court's Order at the parties' request, the Parties will have the right to obtain document discovery from and take depositions of any objecting Settlement Class Member on topics relevant to the Objection.

15.    If a Settlement Class Member does not submit a written Objection to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to be appear and be heard at the Final Approval Hearing, the Settlement Class Member may do so provided the Objector satisfies the requirements of Federal Rule of Civil Procedure 23(e)(5)(A) at the Final Approval Hearing.

16.    Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. Such Class Members are requested, but not required, in advance of the Final Approval Hearing, to file with the Court or mail to the Class Administrator a Notice of Intent to Appear.

17.     All Members of the Settlement Class, except those who submit timely Requests for Exclusion, will be bound by all determinations and judgments regarding the Settlement, whether favorable or unfavorable to the Settlement Class.

18.     <u>Submission of Claims</u>. To receive a Cash Award, Settlement Class Members must follow the directions in the Notice and file a claim with the Class Administrator by the Claims Deadline of [date]. Settlement Class Members who do not submit a claim will not receive a Cash Award, but will be bound by the Settlement.

19.     <u>Schedule of Future Events</u>. The Court adopts the schedule proposed by Plaintiffs, as follows (with Day "0" the date of this Order):

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date of Preliminary Approval Order | 0 | - |
| Deadline to commence 63-day notice period | 21 | 3 weeks |
| Deadline for Plaintiffs to file Motion for Attorneys' Fees, Costs, and Incentive Awards | 49 | 7 weeks |
| Notice completion date, and deadline to make a claim, opt out, and object | 63 | 9 weeks |
| Deadline for Plaintiffs to file Motion for Final Approval | 84 | 12 weeks |
| Final Approval Hearing | 105 | 14 weeks |

20.     <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for [date], at [time], for the Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service awards to Plaintiffs. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members

5

of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

21. <u>Stay of Proceedings</u>. All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

22. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion.

23. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for

settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24.   <u>No Admission of Liability.</u> By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant. Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

25.   <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

DATED: _____

_____

Hon. Barry Ted Moskowitz
United States District Judge

7