**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE (PERSINGER) MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
CAROLINE S. EMHARDT (SBN 321222)
*cemhardt@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

*Class Counsel*


# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVLYN ANDRADE-HEYMSFIELD, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>NEXTFOODS, INC.,<br><br>Defendant. | Case No. 3:21-cv-1446-BTM-MSB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Judge:       Hon. Barry Ted Moskowitz<br>Hearing Date:  March 11, 2024<br>Time:       3:30 p.m.<br>Location:   Courtroom 15B |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................ ii

NOTICE OF MOTION ...................................................................... vii

MEMORANDUM OF POINTS & AUTHORITIES ........................................... 1

    I.     INTRODUCTION ................................................................ 1

    II.    LEGAL STANDARD ......................................................... 2

    III.   THE SETTLEMENT CLASS MEETS THE PREREQUISITES FOR CERTIFICATION ......................................................... 3

        A.    The Requirements of Rule 23(a) are Satisfied ........................ 4

        B.    The Requirements of Rule 23(b) are Satisfied ........................ 4

    IV.   THE COURT SHOULD GRANT FINAL APPROVAL BECAUSE THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE ............ 5

        A.    The Strength of the Case, and the Risk, Expense, Complexity and Likely Duration of Further Litigation ............................. 6

        B.    The Amount of the Settlement ........................................ 8

        C.    Extent of Discovery Completed and Stage of Proceedings ........ 10

        D.    The Experience and Views of Class Counsel ...................... 11

        E.    The Presence of a Governmental Participant ...................... 12

        F.    The Reactions of Class Members .................................. 12

        G.    The Risk of Maintaining Class Action Status Through Trial ...... 14

    V.    CONCLUSION ................................................................ 14

i

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ............................................................................... 3

*Andrade-Heymsfield v. NextFoods, Inc.*,
2023 WL 2576770 (S.D. Cal. Mar. 20, 2023)....................................... 1

*Andrade-Heymsfield v. NextFoods, Inc.*,
2023 WL 3880076 (S.D. Cal. June 5, 2023) ........................................ 4

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979)....................................................... 11

*Broomfield v. Craft Brew All., Inc.*,
2020 WL 1972505 (N.D. Cal. Feb. 5, 2020)................................... 8, 12

*Bruno v. Quten Research Inst., LLC*,
2013 WL 990495 (C.D. Cal. Mar. 13, 2013) ........................................ 9

*Churchill Village, L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ..................................................... 2, 5, 13

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ............................................................. 3

*Corzine v. Whirlpool Corp.*,
2019 WL 7372275 (N.D. Cal. Dec. 31, 2019) .................................... 12

*Couser v. Comenity Bank*,
125 F. Supp. 3d 1034 (S.D. Cal. 2015) ............................................... 14

*Custom LED LLC v. eBay, Inc.*,
2013 WL 6114379 (N.D. Cal. Nov. 20, 2013)..................................... 13

*Dennis v. Kellogg Co.*,
2013 WL 6055326 (S.D. Cal. Nov. 14, 2013)....................................... 8

*Donald v. Xanitos, Inc.*,
2017 WL 1508675 (N.D. Cal. Apr. 27, 2017)....................................... 7

ii

*Edwards v. Nat'l Milk Producers Fed.*,
    2017 WL 3623734 (N.D. Cal. June 26, 2017) ............................................................ 13, 14

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
    2017 WL 4685536 (C.D. Cal. May 8, 2017).................................................................. 14

*Gaudin v. Saxon Mortg. Servs., Inc.*,
    2015 WL 7454183 (N.D. Cal. Nov. 23, 2015) .............................................................. 11

*Hadley v. Kellogg Sales Co.*,
    2021 WL 5706967 (N.D. Cal. Nov. 23, 2021) ............................................................... 9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................................. 3, 4

*Hawkins v. Kroger Co.*,
    2022 WL 345639 (S.D. Cal. Feb. 4, 2022) ..................................................................... 6

*Hunter v. Nature's Way Prods., LLC*,
    2020 WL 71160 (S.D. Cal. Jan. 6, 2020) ....................................................................... 6

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
    2014 WL 6473044 (S.D. Cal. Nov. 18, 2014)........................................................ 4, 5, 7

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ...................................................................................... 8

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008)........................................................................ 12

*In re Pac. Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ....................................................................................... 11

*In re Regulus Therapeutics Inc. Sec. Litig.*,
    2020 WL 6381898 (S.D. Cal. Oct. 30, 2020).......................................................... passim

*Knapp v. Art.com, Inc.*,
    283 F. Supp. 3d 823 (N.D. Cal. 2017)............................................................ 8, 10, 12, 13

*Lane v. Brown*,
    166 F. Supp. 3d 1180 (D. Or. 2016).......................................................................... 10, 11

*Larsen v. Trader Joe's Co.*,
2014 WL 3404531 (N.D. Cal. July 11, 2014) ........................................... 6, 7, 12

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ........................................................................ 8, 10

*Lloyd v. Navy Fed. Credit Union*,
2019 WL 2269958 (S.D. Cal. May 28, 2019) .......................................... passim

*Loomis v. Slendertone Distribution, Inc.*,
2021 WL 873340 (S.D. Cal. Mar. 9, 2021) ................................................... 6, 13

*Low v. Trump Univ., LLC*,
246 F. Supp. 3d 1295 (S.D. Cal. 2017) ............................................................... 6

*Mandalevy v. BofI Holding, Inc.*,
2022 WL 4474263 (S.D. Cal. Sept. 26, 2022) ................................................... 7

*McMorrow v. Mondelez Int'l, Inc.*,
2022 WL 1056098 (S.D. Cal. Apr. 8, 2022) ...................................................... 2

*Moore v. Verizon Comm. Inc.*,
2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ................................................. 13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ................................................... 6, 10, 13, 14

*Nguyen v. Radient Pharms. Corp.*,
2014 WL 1802293 (C.D. Cal. May 6, 2014) ..................................................... 7

*Noll v. eBay, Inc.*,
309 F.R.D. 593 (N.D. Cal. 2015) ...................................................................... 13

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*,
292 F. Supp. 3d 1018 (S.D. Cal. 2017) ........................................... 6, 13, 14

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ............................................................................. 6

*Pemberton v. Nationstar Mortg., LLC*,
2020 WL 230015 (S.D. Cal. Jan. 15, 2020) ................................................ 8, 13

iv

*Rael v. Children's Place, Inc.*,
2020 WL 434482 (S.D. Cal. Jan. 28, 2020) ........................................................ 12

*Rihn v. Acadia Pharms. Inc.*,
2018 WL 513448 (S.D. Cal. Jan. 22, 2018) ....................................................... 2, 3

*Rodriguez v. Bumble Bee Foods, LLC*,
2018 WL 1920256 (S.D. Cal. Apr. 24, 2018) ....................................................... 8

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ............................................................... 6, 11, 14

*Schneider v. Chipotle Mexican Grill, Inc.*,
336 F.R.D. 588 (N.D. Cal. 2020) ..................................................................... 12

*Selk v. Pioneers Mem'l Healthcare Dist.*,
159 F. Supp. 3d 1164 (S.D. Cal. 2016) ......................................................... 11, 12

*Shannon v. Sherwood Mgmt. Co.*,
2020 WL 5968650 (S.D. Cal. Oct. 8, 2020) ....................................................... 2, 3

*Stanton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ............................................................................. 3

*Testone v. Barlean's Organic Oils, LLC*,
2023 WL 2375246 (S.D. Cal. Mar. 6, 2023) ........................................................ 2

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993) ........................................................................... 5, 6

*Vallejo v. Sterigenics U.S., LLC*,
2023 WL 8439560 (S.D. Cal. Dec. 5, 2023) ........................................................ 3

*Vianu v. AT&T Mobility LLC*,
2022 WL 16823044 (N.D. Cal. Nov. 8, 2022) ...................................................... 6

*White v. Experian Info. Sols., Inc.*,
2009 WL 10670553 (C.D. Cal. May 7, 2009) ..................................................... 11

**Rules**

Fed. R. Civ. P. 23(a)(4) ............................................................................... 4

Fed. R. Civ. P. 23(c)(1)(C) .......................................................................... 14

Fed. R. Civ. P. 23(e)(2) ................................................................................. 5

**Other Authorities**

87 Fed. Reg. 5063 (Jan. 31, 2022) ............................................................. 10

Fed. R. Civ. P. 23, advisory committee's note to 2018 amendment ................... 8

**Treatises**

4 A Conte & H. Newberg, *Newberg on Class Actions*, § 11:50 at 155 (4th ed.2002) .......... 6

*Andrade-Heymsfield v. NextFoods, Inc.*, Case No. 3:21-cv-1446-BTM-MSB
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

## <u>**NOTICE OF MOTION**</u>

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT, on March 11, 2024 at 3:30 p.m., or as soon thereafter as may be heard, in Courtroom 15B, Plaintiff will move the Court, the Honorable Barry Ted Moskowitz presiding, for an Order: (1) finally certifying the Settlement Class, appointing Ms. Andrade-Heymsfield and Ms. Gates Class Representatives, and appointing their counsel Class Counsel;[1] (2) finally approving the Settlement as fair, reasonable, and adequate to the Class; (3) directing the parties to undertake the obligations set forth in the Settlement Agreement that arise out of the Court's final approval; (4) entering Judgment; and (5) maintaining jurisdiction over this matter for purpose of enforcing the Judgment.

The Motion is based upon this Notice of Motion, the below Memorandum, the concurrently-filed Declaration of Brandon Schwartz ("Schwartz Decl.") and all exhibits thereto; Plaintiff's Motion for Preliminary Approval of Class Settlement (Dkt. No. 53, "PA Mot."), including the Declaration of Jack Fitzgerald in Support (Dkt. No. 53-1, "PA Fitzgerald Decl.") and the Settlement Agreement attached thereto as Exhibit 1 (Dkt. No. 53-2, "SA"); all pleadings and proceedings had to date; and any additional evidence and argument submitted in support of the Motion.

---

[1] Plaintiff's counsel recently underwent a name change and is now Fitzgerald Monroe Flynn PC. Although one of Plaintiff's counsel, Paul Joseph, is no longer with the firm, the Class remains represented by the same lawyers that the Court appointed Class Counsel in granting preliminary approval.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

On November 9, 2023, the Court preliminarily approved a proposed nationwide class settlement between Class Representatives Evlyn Andrade-Heymsfield and Valerie Gates, on the one hand, and Defendant NextFoods, Inc. on the other, regarding Defendant's GoodBelly Probiotic JuiceDrinks ("JuiceDrinks" or "Products"). *See* Dkt. No. 56 ("Amended PA Order").[2] The Court found the "[a]greement is fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome." *Id.* at 1. The Court further found it was "the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case," and "meets all applicable requirements of law." *Id.*

The Settlement resolves allegations "the JuiceDrinks' labeling violates California and federal law," Dkt. No. 14, First Am. Compl. at 33-34 ("FAC") (header capitalization omitted), by "trying to induce consumers with promises of good digestive and overall health while selling a product that is bad for digestive and overall health." *Andrade-Heymsfield v. NextFoods, Inc.*, 2023 WL 2576770, at *4 (S.D. Cal. Mar. 20, 2023) (Moskowitz, J.), *reconsideration denied*, 2023 WL 3880076 (S.D. Cal. June 5, 2023). In doing so, it provides excellent relief to the Class: a $1.25 million non-reversionary common fund, and robust labeling changes.

Following preliminary approval, Class Administrator, Postlethwaite & Netterville, APAC ("P&N") executed the Court-approved Notice Plan. *See* Schwartz Decl. ¶¶ 6-18. Notice was provided to Class Members via newspaper, a press release, and various digital means. *See id.* ¶¶ 8-13. This included online display banner advertising, keyword search online advertising, and social media advertising through Facebook, Instagram, TikTok and YouTube, delivering over 120 million targeted impressions. *See id.* ¶ 8. As a result, the

---

[2] The Amended PA Order revised certain deadlines and was not substantively different from the original Order issued three days prior, Dkt. No. 55.

Settlement Website saw over 2.1 million unique visitors as of February 7, 2024, *id*. ¶ 13, indicating the Notice was effective in reaching potential Class Members. Indeed, "[t]he Notice Plan delivered a 70% reach with an average frequency of 3 [times]." *Id*. ¶ 32. Its implementation thus "provided the best notice that is practicable, adhered to FRCP 23, followed the guidance set forth in the Manual for Complex Litigation 4th Ed. and Federal Judicial Center (FJC) guidance, and met the requirements of due process." *See id*. ¶ 33.

The response from the Class has been entirely positive. The claims rate matched expectations, with 47,188 valid claims, a 3.37% claims rate, *see id*. ¶¶ 20-21, compared to 49,000 predicted (a 3.5% rate), PA Fitzgerald Decl. ¶ 27. No objections were filed. *See* Schwartz Decl. ¶ 30. And there were only 16 requests for exclusion, which is just 0.03% of the number of valid claims filed, and just 0.001% of the estimated 1.4 million Class Members. *Id*. ¶ 29. Together with the Settlement's strong relief, this favorable reaction by the Class favors final approval. *See Testone v. Barlean's Organic Oils, LLC*, 2023 WL 2375246, at *4 (S.D. Cal. Mar. 6, 2023) ("The Court agrees that the strong claims rate, lack of objections, and low opt-out rate weigh in favor of final approval."); *McMorrow v. Mondelez Int'l, Inc*., 2022 WL 1056098, at *4 (S.D. Cal. Apr. 8, 2022) (same); *see also Rihn v. Acadia Pharms. Inc.*, 2018 WL 513448, at *5 (S.D. Cal. Jan. 22, 2018) (Moskowitz, J.) ("The reaction of Class Members has been positive. No objections have been filed and there has only been one request for exclusion." (record citation omitted)); *Churchill Village, L.L.C. v. Gen. Elec*., 361 F.3d 566, 577 (9th Cir. 2004) ["*Churchill Village*"] (affirming approval of settlement that received 45 objections (.05%) and 500 opt-outs (0.56%) out of 90,000 class members).

## II. LEGAL STANDARD

"A court may approve a proposed class action settlement of a class only 'after a hearing and on finding that it is fair, reasonable, and adequate,' and that it meets the requirements for class certification." *In re Regulus Therapeutics Inc. Sec. Litig*., 2020 WL 6381898, at *2 (S.D. Cal. Oct. 30, 2020) ["*Regulus*"] (Moskowitz, J.) (quoting Fed. R. Civ. P. 23(e)(2)). "The Ninth Circuit maintains a 'strong judicial policy' that favors the settlement of class actions." *Shannon v. Sherwood Mgmt. Co*., 2020 WL 5968650, at *2 (S.D. Cal. Oct. 8, 2020) (quoting

2

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)); *see also Vallejo v. Sterigenics U.S., LLC*, 2023 WL 8439560, at *4 (S.D. Cal. Dec. 5, 2023) (same). "Where, as here, the 'parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement,'" *see Shannon*, 2020 WL 5968650, at *2 (quoting *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)).

## III. THE SETTLEMENT CLASS MEETS THE PREREQUISITES FOR CERTIFICATION

"To certify a settlement class, the requirements of Rule 23 must generally be satisfied." *Rihn*, 2018 WL 513448, at *2 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). "However, the Court need not inquire whether the case, if tried, would present management problems." *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).

Having already found that the proposed Settlement Class meets the requirements for class certification, the Court may finally certify the Settlement Class for the same reasons set forth in its Preliminary Approval Order. *See Lloyd v. Navy Fed. Credit Union*, 2019 WL 2269958, at *8 (S.D. Cal. May 28, 2019) ("The Court previously certified the Settlement Class under Rule 23(a) and 23(b)(3) in its order granting Plaintiffs' unopposed motion for preliminary approval" and "[t]he Settlement Class remains the same for the purposes of the present motion for final approval. Accordingly, the Court affirms its prior determination that the Settlement Class satisfies Rule 23's class certification requirements." (citations omitted)); *see also Regulus*, 2020 WL 6381898, at *3 (granting final approval where "[t]he Court concluded that these [certification] requirements were satisfied when it granted preliminary approval of the class action settlement" and no "new facts . . . alter that conclusion" (record citation omitted)). The Rule 23 factors are nevertheless addressed briefly below.

1

**A.      The Requirements of Rule 23(a) are Satisfied**

2      "Rule 23(a) sets forth four prerequisites for class certification: (1) numerosity; (2)

3  commonality; (3) typicality; and (4) adequacy of representation." *In re Hydroxycut Mktg. &*

4  *Sales Pracs. Litig.*, 2014 WL 6473044, at *3 (S.D. Cal. Nov. 18, 2014) (Moskowitz, J.).

5      *Numerosity*. "Here, the class would include purchasers of the [challenged] Products,

6  which were sold nationwide at major retailers, over a time period of three years. The . . .

7  numerosity requirement has been met," *see id.*

8      *Commonality*. "Central common contentions in this case include allegations that the

9  [challenged] Products were un[healthy] and did not provide the . . . benefits that were touted

10  in advertisements and labeling," *see id.* (certifying for final approval class of purchasers of

11  products touting weight-loss benefits).

12      *Typicality*. "Plaintiff['s] claims are typical of the claims of the other members of the

13  class because the [F]AC alleges that Defendant[] engaged in a unified course of conduct—

14  i.e., false and deceptive marketing regarding the . . . benefits of the [challenged] Products—

15  that resulted in consumers not getting what they thought they were paying for," *see id.*, at *4.

16      *Adequacy*. Lastly, Class Representatives "and their counsel [do not] have any conflicts

17  of interest with other class members;" and "Class Counsel have significant experience in class

18  action litigation and have vigorously prosecuted this action to reach this settlement," *see id.*

19  (citing *Hanlon*, 150 F.3d at 1020), including successfully opposing a motion for

20  reconsideration, *see Andrade-Heymsfield v. NextFoods, Inc.*, 2023 WL 3880076, at *1-2

21  (S.D. Cal. June 5, 2023) (Moskowitz, J.). Thus, "the 'representative parties will fairly and

22  adequately protect the interests of the class,'" *see In re Hydroxycut*, 2014 WL 6473044, at *4

23  (quoting Fed. R. Civ. P. 23(a)(4)).

24

**B.      The Requirements of Rule 23(b) are Satisfied**

25      "In addition to satisfying the requirements of Rule 23(a), a proposed class must qualify

26  for certification under one of the categories in Rule 23(b)." *Id.* Here, Class Representatives

27  "seek certification under Rule 23(b)(3). . . . [which] is proper . . . if 'the court finds that the

28  questions of law or fact common to class members predominate over any questions affecting

4

only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy,'" *see id*.

*Predominance*. "Common issues predominate in this litigation . . . . [because] [c]entral to this action are issues regarding whether Defendant[] engaged in false advertising regarding the [healthfulness] of the [ ] Products," *see id*., at *5.

*Superiority*. "Here, the damages for each class member would be small," so that "class members would have little motivation to pursue individual cases," *see id.* Moreover, "due to the common issues in this case, it is desirable to litigate the claims in one forum," *see id*.

## IV. THE COURT SHOULD GRANT FINAL APPROVAL BECAUSE THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

"Before approving a class action settlement, the court must determine whether the proposed settlement is fair, reasonable, and adequate." *Id.* (citing Fed. R. Civ. P. 23(e)(2)). "In reaching this determination, courts consider a number of factors, including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Id*. (citing *Churchill Village*, 361 F.3d at 575). Courts need not weigh all factors, "and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1376 (9th Cir. 1993) (citation omitted). Further, while considering all these interests:

> [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Loomis v. Slendertone Distribution, Inc.*, 2021 WL 873340, at \*3 (S.D. Cal. Mar. 9, 2021) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

A.    **The Strength of the Case, and the Risk, Expense, Complexity and Likely Duration of Further Litigation**

"To determine whether the proposed settlement is fair, reasonable, and adequate, the Court must balance against the risks of continued litigation (including the strengths and weaknesses of Plaintiff's case), the benefits afforded to members of the Class, and the immediacy and certainty of a substantial recovery." *Hunter v. Nature's Way Prods., LLC*, 2020 WL 71160, at \*5 (S.D. Cal. Jan. 6, 2020) (citations omitted). "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A Conte & H. Newberg, *Newberg on Class Actions*, § 11:50 at 155 (4th ed.2002)); *see also Hawkins v. Kroger Co.*, 2022 WL 345639, at \*5 (S.D. Cal. Feb. 4, 2022) (discussing "[t]he preferable nature of settlement over the uncertainties, expense, and length of litigation"). "Settlement is favored where a case is 'complex and likely to be expensive and lengthy to try.'" *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1300 (S.D. Cal. 2017) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ["*W. Publ'g*"]).

"Beyond the 'inherent risks of litigation,' there were numerous risks specific to the instant Action[]," *see id.* (internal citation omitted) (quoting *Torrisi*, 8 F.3d at 1376). Here, while the Class Representatives "believe their claims are strong, they acknowledge," as detailed in the Motion for Preliminary Approval, "that they would face significant risks should the case[s] proceed through litigation," *see Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at \*4 (N.D. Cal. July 11, 2014) (record citation omitted); PA Mot. at 17-19; *cf. Vianu v. AT&T Mobility LLC*, 2022 WL 16823044, at \*7 (N.D. Cal. Nov. 8, 2022) (granting final approval where "at the time of settlement, liability 'remain[ed] very much disputed' and [defendant] planned to assert various arguments and defenses"); *Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1038 (S.D. Cal. 2017) (granting final approval where

6

"the Parties . . . agreed to settle th[e] action, [but] fundamentally disagree[d] regarding the validity of Plaintiff's claims").

Here, the plaintiff classes could have faced challenges establishing liability and obtaining damages in light of NextFoods' assertion that scientific evidence demonstrates some health benefits to the probiotics in the JuiceDrinks. Although Plaintiff adduced evidence challenging these assertions, there was a risk NextFoods could persuade a jury the JuiceDrinks are healthier than Plaintiff alleged. Because of the need for expert scientific testimony from both sides, trial would have been complex and expensive. *See In re Hydroxycut*, 2014 WL 6473044, at *6 (Granting final approval where "[c]ontinued litigation would [have] involve[d] the expense of additional discovery and the hiring of numerous experts for both sides."). In sum, "[p]roceeding with this case presents very real risks regarding additional pleading challenges, class certification, summary judgment, *Daubert* and *in limine* motions, proving the necessary falsity, scienter, reliance and damages if the case proceeded to trial, and a possible unfavorable decision on the merits," *see Regulus*, 2020 WL 6381898, at *5 (citation omitted).

The Settlement "achieves a definite and certain result for the benefit of the Settlement Class[]," making it "preferable to continuing litigation in which the Settlement Class would necessarily confront substantial risk, uncertainty, delay, and cost." *See Donald v. Xanitos, Inc.*, 2017 WL 1508675, at *2 (N.D. Cal. Apr. 27, 2017); *see also Mandalevy v. BofI Holding, Inc.*, 2022 WL 4474263, at *8 (S.D. Cal. Sept. 26, 2022) (granting final approval where "Plaintiff face[d] the risk that he might 'lose on summary judgment' or 'lose at trial'"). "Given the . . . significant risks that lie ahead . . . [at] trial, it is reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results," *see Larsen*, 2014 WL 3404531, at *4. Because "[t]he settlement avoids the risks that the plaintiff[] would not succeed in demonstrating that [defendant] failed to comply with state consumer protection laws," this factor weighs in favor of final approval. *See id.*; *see also Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *2 (C.D. Cal. May 6, 2014) (first two *Churchill Village* factors met

7

where, "although the [plaintiffs'] claims were quite strong, there were . . . factual challenges facing [p]laintiffs at trial," including "challenges [with] damages"). "Against these considerations, 'it is plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication.'" *See Lloyd*, 2019 WL 2269958, at *11 (quoting *Dennis v. Kellogg Co.*, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013)).

### B.    The Amount of the Settlement

"'The relief that the settlement is expected to provide to class members is a central concern,' though it is not enumerated among the factors of Rule 23(e)." *Regulus*, 2020 WL 6381898, at *5 (quoting Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment). "To assess whether the amount offered is fair, the Court may compare the settlement amount to the parties' estimates of the maximum amount of damages recoverable in a successful litigation." *Lloyd*, 2019 WL 2269958, at *11 (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)). "Although [Class Representatives] recognize that they would have received greater compensation if they had been successful in trial, this does not mean that the settlement is inadequate." *See Pemberton v. Nationstar Mortg.*, LLC, 2020 WL 230015, at *3 (S.D. Cal. Jan. 15, 2020) (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)). "It is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Rodriguez v. Bumble Bee Foods, LLC*, 2018 WL 1920256, at *4 (S.D. Cal. Apr. 24, 2018) (brackets and quotation omitted).

Finally, that the "Settlement Agreement also provides for injunctive relief" is an important consideration in evaluating its benefit, since "class members that choose to continue doing business with [the defendant] will benefit from this aspect as well." *See Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833 (N.D. Cal. 2017); *see also Broomfield v. Craft Brew All., Inc.*, 2020 WL 1972505, at *9 (N.D. Cal. Feb. 5, 2020) (granting final approval where defendant "agreed to change the packaging on [class products] for at least four years to [address the alleged misrepresentation]" (record citation omitted)).

Here, Plaintiff and Counsel secured for the Settlement Class a direct monetary benefit of over $1.25 million, which is 276% of a California class's potential trial damages of $453,000; 257% of the potential price premium damages of both a California and New York class (totaling $486,000); and 42% of the hypothetical damages of the Nationwide Settlement Class. *See* PA Fitzgerald Decl. ¶¶ 15-16; *cf. Lloyd*, 2019 WL 2269958, at *11 (approving a $24.5 million fund, representing 40% of potential damages of $60 million).

Moreover, if the Court approves the full amount of attorneys' fees and costs, incentive awards, and administration costs requested, Claimants will receive, on average, $9.96, which is $2.47 more than predicted due to (i) lower-than-expected notice and administration costs ($221,915.02 total compared to $306,414 expected); (ii) a smaller-than-expected fee-and-cost request ($548,205 total compared to $566,598 expected); and (iii) a slightly smaller-than-expected claims rate (47,173 valid claims compared to 49,000 expected). *Compare* Schwartz Decl. ¶¶ 26-28 *with* PA Fitzgerald Decl. ¶¶ 26-27. This is a strong result for Claimants. Given estimated damages of 13¢ per unit, *see* PA Mot. at 21, Claimants' average payment of $9.96 represents a recovery of full damages for more than seventy-six (76) units of the Class Products—more than one per month for the entire Class Period.

Moreover, "there is a high value to the injunctive relief obtained" in consumer class actions resulting in labeling changes. *See Bruno v. Quten Research Inst., LLC*, 2013 WL 990495, at *4 (C.D. Cal. Mar. 13, 2013). It benefits not just Class Members, but also "the marketplace, and competitors who do not mislabel their products." *Id*. ("[n]ew labeling practices affect[ ] hundreds of thousands of bottles per year"). The injunctive relief secured here is particularly noteworthy. By prohibiting NextFoods from using the challenged health and wellness claims and thereby reducing or eliminating the suggestion that the Products are healthy, the injunctive relief "provides health benefits to all purchasers," *see Hadley v. Kellogg Sales Co*., 2021 WL 5706967, at *2 (N.D. Cal. Nov. 23, 2021) (injunctive relief prohibiting Kellogg from using health and wellness claims to advertise sugary cereals).

Indeed, the FDA recently concluded that limiting manufacturers' use of "healthy" claims for foods that do not align with current dietary recommendations—such as those high

9

in added sugar—would result in healthcare savings of up to $700 million over 20 years. *See* 87 Fed. Reg. 5063, 5064 (Jan. 31, 2022) (

> Updating the definition of "healthy" to align with current dietary recommendations can help consumers build more healthful diets to help reduce their risk of diet-related chronic diseases. Discounted at seven percent over 20 years, the mean present value of benefits of the proposed rule is $260 million, with a lower bound estimate of $17 million and an upper bound estimate of $700 million.).

Given the benefits of the injunctive relief, and that "[t]he Court already determined in the preliminary approval order that the $[1,250,000 NextFoods] has agreed to provide is fair and reasonable," it should find "this factor weighs in favor of final approval," *see Lloyd*, 2019 WL 2269958, at *11.

## C.    Extent of Discovery Completed and Stage of Proceedings

"This factor evaluates whether 'the parties have sufficient information to make an informed decision about settlement.'" *Knapp*, 283 F. Supp. 3d at 833 (quoting *Linney*, 151 F.3d at 1239). "The extent of discovery completed and the state of the proceedings at the time of settlement is a strong indicator of whether the parties have sufficient understanding of each other's cases to make an informed judgment about their likelihood of prevailing." *Lane v. Brown*, 166 F. Supp. 3d 1180, 1190 (D. Or. 2016). "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527 (internal quotation marks and citation omitted).

When the Settlement was reached in this case, the parties had litigated for several years, fact discovery was substantially complete, Plaintiff was preparing for class certification, and expert analysis was underway. Discovery was substantial, with NextFoods producing more than 100,000 documents totaling more than 300,000 pages. *See* PA Fitzgerald Decl. ¶¶ 3-8. Plaintiff retained three experts and conducted extensive document analysis in preparation for

class certification. The Settlement was only reached through negotiations between the parties and a Settlement Conference with Judge Berg. *See id.* ¶ 12.

Because of the "late stage of the litigation" at which the Settlement was reached, "both sides had a strong understanding of the strengths and weaknesses of each other's case," and "[t]hus, this factor strongly favors approval." *See Lane*, 166 F. Supp. 3d at 1185, 1190 (granting final approval where "[a]fter almost four years of litigation, extensive fact and expert discovery, and prior unsuccessful efforts to resolve the dispute, the parties engaged in lengthy settlement negotiations a few months before trial and signed a Proposed Settlement Agreement"); *see also Gaudin v. Saxon Mortg. Servs., Inc.*, 2015 WL 7454183, at *6 (N.D. Cal. Nov. 23, 2015) (factor supported final approval where plaintiff "conduct[ed] extensive discovery and investigation (before and after class certification), reviewing approximately 25,000 pages of [defendant's] documents, and participating in three separate rounds of settlement negotiations" (internal quotation marks and record citations omitted)).

## D. The Experience and Views of Class Counsel

"As the Ninth Circuit has emphasized, '[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.'" *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1176 (S.D. Cal. 2016) (quoting *W. Publ'g*, 563 F.3d at 967 (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995))). In determining whether a settlement is fair and reasonable, "[t]he judgment of experienced counsel regarding the settlement is [therefore] entitled to great weight." *White v. Experian Info. Sols., Inc.*, 2009 WL 10670553, at *12 (C.D. Cal. May 7, 2009) (citations omitted). As a result, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness," *see id.* (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)).

Class Counsel here has considerable experience prosecuting consumer class actions, particularly those involving the false advertising of foods, especially sugary foods and beverages. *See* PA Fitzgerald Decl. ¶¶ 17, 21. Because Class Counsel has substantial experience with complex class actions and is intimately familiar with the issues present here,

11

its strong endorsement of the Settlement, *see id*. ¶¶ 14-21, favors granting final approval. *See Larsen*, 2014 WL 3404531, at *5 (factor favored final approval where "Plaintiffs' counsel ha[d] successfully represented consumers both as litigation class and settlement class counsel numerous times, including cases involving food mislabeling," and "believe[d] approval [wa]s in the best interests of the putative settlement class"); *Selk*, 159 F. Supp. 3d at 1176 (relying on *Larsen* and finding that "[t]he opinions of counsel should be given considerable weight"); *Regulus*, 2020 WL 6381898, at *6 ("That such experienced counsel advocate in favor of the settlement weighs in favor of approval.").

### E.    The Presence of a Governmental Participant

Where, as here, the Claims Administrator notified officials of the proposed settlement pursuant to CAFA and no government entity has raised an objection, *see* Schwartz Decl. ¶ 7, this factor "favors settlement," *see Knapp*, 283 F. Supp. 3d at 833 (collecting cases).

### F.    The Reactions of Class Members

When there is a "favorable reaction from class members to the Settlement, [this] weighs in favor of final approval." *Lloyd*, 2019 WL 2269958, at *12 (citation omitted). Courts often look to the claims rate and number objections and opt-outs to gauge the reaction of the class. *See Regulus*, 2020 WL 6381898, at *6 ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008))).

Here, the final claims rate is comparable to or above that in other consumer goods class action settlements. *See Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 599 (N.D. Cal. 2020) (approving settlement with 0.83% claims rate); *see also Broomfield*, 2020 WL 1972505, at *7 (approving settlement with 2% claims rate); *Corzine v. Whirlpool Corp.*, 2019 WL 7372275, at *6 (N.D. Cal. Dec. 31, 2019) (approving settlement with 1.6% claims rate); PA Fitzgerald Decl. ¶ 25 (noting 3.38% average claims rate across settlements of four similar actions). Because "consumer class actions tend to result in claims rates in the low single digits," *Rael v. Children's Place, Inc.*, 2020 WL 434482, at *9 (S.D. Cal. Jan. 28, 2020)

(collecting cases), the Court should find that the 3.37% claims rate supports final approval here, *see Moore v. Verizon Comm. Inc.*, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (approving consumer class action settlement with 3% claims rate); *Loomis*, 2021 WL 873340, at *8 (approving consumer class action settlement with 1.6% claims rate).

Moreover, the low opt-out rate and absence of any objections "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *See Lloyd*, 2019 WL 2269958, at *12 (quoting *Nat'l Rural Telecomm.*, 221 F.R.D. at 529); *see also Pemberton*, 2020 WL 230015, at *4 (Factor favored approval where notice was "sent to approximately 64,000 class members yet the Claims Administrator received only 22 opt-out requests" and "only [ ] two objections." (record citations omitted)). Because Class Members submitted more than 47,000 valid claims and there were only 16 opt-outs and 0 objections, this factor "strongly favors final approval," *see Edwards v. Nat'l Milk Producers Fed.*, 2017 WL 3623734, at *2, *8 (N.D. Cal. June 26, 2017) (Factor favored approval where "307,396 class members had submitted claims online" yet "only eight objections and one request for exclusion were received out of the millions of class members receiving notice." (footnotes omitted)); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 608 (N.D. Cal. 2015) (factor favored approval where "of over 1,188,000 potential Class Members, only 97 [ ] opted out" and "only three objections were filed" (citing *Custom LED LLC v. eBay, Inc.*, 2013 WL 6114379, at *9 (N.D. Cal. Nov. 20, 2013) (granting final approval and characterizing 0.04% exclusion rate, with one objection, as "overwhelming[ly] positive" reaction))); *Nunez*, 292 F. Supp. 3d at 1040 ("[A]s a purely numerical observation, the overwhelming positive response to the Settlement strongly supports final approval." (citing, *inter alia*, *Churchill Village*, 361 F.3d at 577 (affirming final approval where approximately 0.61% of class members either opted out or objected))); *see also Knapp*, 283 F. Supp. 3d at 833 (factor favored final approval where "[t]he settlement administrator received valid opt-outs from 452 class members, which amount[ed] to less than .03 percent of the class members who received notice," making "[i]t . . . apparent that the 'overwhelming majority of the class' had nothing to say about the fairness of the settlement." (quotation omitted)). Accordingly, the "Court [should] conclude[]

13

that this factor weighs in favor of approval." *See Lloyd*, 2019 WL 2269958, at \*12; *see also Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 529 (The "positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.").

### G. The Risk of Maintaining Class Action Status Through Trial

"This factor, which concerns the risk of maintaining class certification, also favors settlement." *See Larsen*, 2014 WL 3404531, at \*4. An "order that grants . . . class certification may be altered or amended before the final judgment." *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2017 WL 4685536, at \*4 (C.D. Cal. May 8, 2017) (quoting Fed. R. Civ. P. 23(c)(1)(C)). "Although Plaintiffs believe they would be successful in maintaining class action status through trial and appeal . . . . the risk that Defendant may prove successful in attacking class certification . . . favors final approval of the Settlement Agreement," *id.*; *see also Edwards*, 2017 WL 3623734, at \*7 ("Although plaintiffs are confident the class would remain certified through trial, the risk 'was not so minimal that this factor could not weigh in favor of the settlement.'" (quotation and footnote omitted)). "Weighed against the fact that Defendant does not object to a finding that the class elements are met for purposes of this settlement, this factor also weighs in favor of the settlement being fair, reasonable, and adequate," *see Nunez*, 292 F. Supp. 3d at 1038 (citing *W. Publ'g*, 563 F.3d at 966; *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1042 (S.D. Cal. 2015) ("Where there is a risk of maintaining class action status throughout the trial, this factor favors approving the settlement." (citation omitted))).

## V. CONCLUSION

The Settlement Class meets the prerequisites for certification, and each of the relevant *Churchill Village* factors favors approval. The Settlement Agreement was reached after years of hard-fought litigation, and it secures both monetary and injunctive relief while eliminating risks with continued litigation. That this is a strong result for the Class is demonstrated by the positive response. Accordingly, the Court should grant the Settlement final approval.

Dated: February 12, 2024                    Respectfully Submitted,

                                            /s/ Jack Fitzgerald

                                            **FITZGERALD MONROE FLYNN PC**
                                            JACK FITZGERALD
                                            *jfitzgerald@fmfpc.com*
                                            MELANIE (PERSINGER) MONROE
                                            *mmonroe@fmfpc.com*
                                            TREVOR FLYNN
                                            *tflynn@fmfpc.com*
                                            CAROLINE S. EMHARDT
                                            *cemhart@fmfpc.com*
                                            2341 Jefferson Street, Suite 200
                                            San Diego, California 92110
                                            Phone: (619) 215-1741

                                            ***Class Counsel***

15