UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVLYN ANDRADE-HEYMSFIELD, on behalf of herself, all others similarly situated, and the general public,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEXTFOODS, INC.,<br><br>　　　　　Defendant. | Case No.: 3:21-cv-01446-BTM-MSB<br><br>**ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES**<br><br>**[ECF NOS. 57 & 59]** |

　　　The Court previously granted a motion for preliminary approval of the parties' Class Action Settlement in this matter on November 9, 2023. (ECF No. 56). Plaintiff has now filed an unopposed motion for final settlement approval and a motion for attorneys' fees, costs, and service awards. (ECF Nos. 57 & 59). The Court held a hearing on March 11, 2024. (ECF No. 60).

　　　Having considered the motion briefing, the terms of the Settlement Agreement, the lack of any objections, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motions. (ECF Nos. 57 & 59).

# I. BACKGROUND

## A. Procedural History

Plaintiff filed a class action complaint against Defendant NextFoods, Inc., on August 13, 2021, alleging that NextFoods' juice drinks have misleading labels. (ECF No. 1). According to Plaintiff, the labels represent that the drinks are healthy when they are not. (Id.).

NextFoods filed a motion to dismiss on October 15, 2021. (ECF No. 7). The Court granted the motion to dismiss but granted Plaintiff leave to amend. (ECF No. 13). Plaintiff filed an amended complaint on May 27, 2022. (ECF No. 14). NextFoods filed another motion to dismiss, which the Court denied. (ECF Nos. 18 & 23).

Magistrate Judge Berg held a settlement conference on August 18, 2023, at which the parties reached a conditional settlement. (ECF No. 51). Plaintiff filed a motion for preliminary approval of the class settlement on September 22, 2023, which the Court granted on November 9, 2023. (ECF Nos. 53 & 56).

In its Preliminary Approval Order, the Court conditionally certified the Settlement Class "as all persons who, between August 13, 2017 and the Settlement Notice Date (the 'Class Period'), purchased in the United States, for household use and not for resale or distribution, any flavor of GoodBelly Probiotic JuiceDrink sold in a 1 Quart (32 oz.) container during the Class Period (the 'Class Products')." (ECF No. 56 at ¶ 4). The Court provisionally appointed Fitzgerald Joseph LLP as Class Counsel, Evlyn Andrade-Heymsfield and Valerie Gates as Class Representatives, and Postlethwaite & Netterville, APAC as Class Administrator. (Id. at ¶¶ 6, 7, & 8).

## B. Terms of the Settlement Agreement

Under the Settlement Agreement, NextFoods agreed to establish a non-reversionary common fund of $1,250,000, which includes "the costs of Class Notice and Administration, attorneys' fees and costs, service awards for the Class

Representatives, and Cash Awards for Class Members who make claims." (ECF No. 53-2 at ¶ 2.1 and 24 (¶ 8)). NextFoods will also change its labels by, among other things, removing the term "GoodHealth" and adding a disclaimer. (ECF No. 52-2 at ¶ 5.1). In exchange, the class members will release NextFoods from all claims related to the Class Products. (Id. at ¶ 8.1).

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,

946-47 (9th Cir. 2011).

## B. Analysis

### *1. The Settlement Class Meets the Prerequisites for Certification*

The Court concluded that these requirements were satisfied when it granted preliminary approval of the class action settlement. (ECF No. 56 at ¶ 5). The Court is not aware of any new facts which would alter that conclusion. However, the Court reviews the Rule 23 requirements again briefly, as follows.

The class size—which includes "all persons who, between August 13, 2017 and the Settlement Notice Date (the 'Class Period'), purchased in the United States, for household use and not for resale or distribution, any flavor of GoodBelly Probiotic JuiceDrink sold in a 1 Quart (32 oz.) container"—satisfies Rule 23(a)(1).

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The main legal questions in this action are common to all class members, and thus Rule 23(a)(2) is satisfied.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The lead claims are typical of those of the class, as they advance the same claims and legal theories. Rule 23(a)(3) is thus satisfied.

With respect to Rule 23(a)(4), the Court finds Class Representatives and Class Counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear between the Class Representatives and the members of the Settlement Class. Class Counsel have demonstrated that they are skilled in this area of the law and are therefore adequate to represent the Settlement Class as well. Rule 23(a)(4) is therefore satisfied.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here.

With respect to Rule 23(b)(3), the "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997). The main common question in this case which would be subject to common proof is whether NextFoods' labels are misleading. That question predominates in the case. Moreover, given this commonality, and the number of potential class members, the Court concludes that a class action is a superior mechanism for adjudicating the claims at issue.

Accordingly, the Court concludes that the requirements of Rule 23 are met and that certification of the class for settlement purposes is appropriate.[1] The Court appoints Fitzgerald Joseph LLP as Class Counsel and Evlyn Andrade-Heymsfield and Valerie Gates as Class Representatives.

### *2. The Settlement is Fundamentally Fair, Adequate, and Reasonable*

### A. Adequacy of Notice

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. For the Court to approve a settlement, "[t]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco,* 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted).

The Court previously approved the parties' proposed notice procedures. (ECF No. 56). In the motion for final approval, Plaintiff represents that the

---

[1] Excluded from the Settlement Class are (i) Defendant; (ii) any person who is or was an officer or director of Defendant during or after the Class Period, and their immediate family members; (iii) any entity in which Defendant had or has a controlling interest; (iv) any judge who hears any aspect of this case, their family members to the third degree, and their immediate employees; and (v) any legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party in their capacity as such.

approved notice plan was executed. (ECF No. 59 at 9). "Notice was provided to Class Members via newspaper, a press release, and various digital means," including "display banner advertising, keyword search online advertising, and social media advertising through Facebook, Instagram, TikTok and YouTube, delivering over 120 million targeted impressions." (Id.). To date, there have been sixteen (16) requests for exclusion and no objections. (Id. at 10). The notice informed the class members of all key aspects of the Settlement, hearings, and the process for objections.

In light of these actions and the Court's prior order granting preliminary approval, the Court finds that the parties have provided sufficient notice to the class members.

**B. Rule 23(e) & *Hanlon* Factors**

Turning to the Rule 23(e) factors, the Court first considers whether "the class representatives and class counsel have adequately represented the class" and whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)–(B). These considerations overlap with certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings. *See Hanlon,* 150 F.3d at 1026.

The Court finds that the Class Representatives and Class Counsel have adequately represented the class. There is no evidence of a conflict between class representatives or counsel and the rest of the class. Similarly, the Court finds that counsel has vigorously prosecuted this action through its detailed complaints, motion practice, discovery work, and settlement negotiations. Counsel possessed sufficient information to make an informed decision about the settlement, and it is aware of settlement outcomes in similar cases, further indicating that counsel had adequate information from which to negotiate the settlement. *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

The settlement was also the product of arm's length negotiations through

back-and-forth communications and bargaining of terms. There is no evidence that the parties colluded. Counsel's fee request is proportionate to the settlement fund, and no funds revert to NextFoods. The Court also finds that the requested fees are in fact reasonable, as will be discussed further below. This factor weighs in favor of approval.

### *i. Strength of Plaintiff's Case and Risk of Continuing Litigation*

In assessing "the costs, risks, and delay of trial and appeal," Fed R. Civ. P. 23(e)(2)(C)(i), courts in the Ninth Circuit evaluate "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; [and] the risk of maintaining class action status throughout the trial." *Hanlon*, 150 F.3d at 1026. The inherent risk of further litigation in this matter is known to all involved with the case. Proceeding with this case would be costly and risk an unfavorable decision on the merits. *See Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM (SHx), 2008 U.S. Dist. LEXIS 123546, at *18-19 (C.D. Cal. July 21, 2008) ("Because both parties face extended, expensive future litigation, and because both faced the very real possibility that they would not prevail, this factor supports approval of the settlement."). While Plaintiff believes in the merits of the case, NextFoods has strong arguments in opposition, and there is no guarantee Plaintiff would prevail. The Court finds these risks weigh in favor of settlement.

### *ii. Effectiveness of Distribution Method, Terms of Attorney's Fees, and Supplemental Agreements*

"Approval of a plan of allocation of settlement proceeds in a class action under FRCP 23 is governed by the same standards of review applicable to approval of settlement as a whole: the plan must be fair, reasonable and adequate." *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1-2 (N.D. Cal. June 16, 1994) (citing *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992)); *see also In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403 at 11 (C.D. Cal. 2005). The allocation formula used in a plan

of allocation "need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel." *Maley v. Del Global Tech. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) (citation omitted).  A plan which "fairly treats class members by awarding a pro rata share to every Authorized Claimant, [even as it] sensibly makes interclass distinctions based upon, inter alia, the relative strengths and weaknesses of class members' individual claims" should be approved as fair and reasonable.  *In re MicroStrategy, Inc., Sec, Litig.*, 148 F. Supp. 2d 654, 669 (E.D. Va. 2001) (citation omitted).

Here, the Settlement compensates class members "on a pro rata basis, depending on how many Class Products they purchased during the Class Period." (ECF No. 53-2 at 24 (¶ 7)).  This factor weighs in favor of approval.

### iii. Equitable Treatment of Class Members

Rule 23 also requires consideration of whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)(i). Consistent with this instruction, the Court considers whether the proposal "improperly grant[s] preferential treatment to class representatives or segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).  The Court finds that the allocation plan is equitable. Moreover, the service award is reasonable and does not constitute inequitable treatment of class members.  *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).  This factor weighs in favor of approval.

### iv. Settlement Amount

"The relief that the settlement is expected to provide to class members is a central concern," though it is not enumerated among the Rule 23(e) factors.  *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.  Thus, the Court considers "the amount offered in the settlement."  *Hanlon,* 150 F.3d at 1026. Crucial to the determination of adequacy is the ratio of "plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware,* 484

F. Supp. 2d at 1080. However, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d at 628.

Here, the $1,250,000 fund is an excellent recovery for the class. That amount is "42% of the hypothetical damages of the Nationwide Settlement Class." (ECF No. 59 at 17). Moreover, the Class has obtained injunctive relief—which is a benefit to all class members and the general public. Accordingly, the settlement amount also weighs in favor of approval.

### v. Counsel's Experience

The Court also considers "the experience and views of counsel." *Hanlon,* 150 F. 3d at 1026. Class Counsel has extensive experience prosecuting similar claims. That such experienced counsel advocate in favor of the settlement weighs in favor of approval.

### vi. Objections

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Omnivision*, 559 F. Supp. 2d at 1043 (citation omitted). No objections were received here. The positive response from the class confirms that the settlement is fair and reasonable. Balancing the relevant factors, the Court finds the settlement fair, reasonable, and adequate under Rule 23(e) and *Hanlon*.

### vii. Other Findings

**Notice to Government Agencies:** The parties provided the required notice to federal and state attorneys general under the Class Action Fairness Act, 28 U.S.C. § 1715(b). (ECF No. 59-1 at ¶¶ 6 & 7). Notice occurred more than 90 days before the date of this order, as required by 28 U.S.C. § 1715(d). (Id at ¶ 6).

### viii. Certification Is Granted and the Settlement Is Approved

For the foregoing reasons, and after considering the record as a whole, the

Court finds that notice of the proposed settlement was adequate, the settlement was not the result of collusion, and the settlement is fair, adequate, and reasonable. The Motion for Settlement Final Approval is **GRANTED**.

### III. MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class," as here, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of attorneys' fees. *Id.* at 942.

Under the percentage-of-recovery method, the attorneys are awarded fees in the amount of a percentage of the common fund recovered for the class. *Id.* Courts applying this method "typically calculate 25% of the fund as the benchmark for a reasonable fee award, providing adequate explanation in the record of any special circumstances justifying a departure." *Id* (internal quotation marks omitted). However, "[t]he benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.3d 1301, 1311 (9th Cir. 2011). Relevant factors to a determination of the percentage ultimately awarded include "(1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *Tarlecki v. Bebe Stores, Inc.*, No. C 05-1777 MHP, 2009 WL

3720872, at *4 (N.D. Cal. Nov. 3, 2009).

Under the lodestar method, attorneys' fees are "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941. This amount may be increased or decreased by a multiplier that reflects factors such as "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* at 942.

In common fund cases, a lodestar calculation may provide a cross-check on the reasonableness of a percentage award. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). Where the attorneys' investment in the case "is minimal, as in the case of an early settlement, the lodestar calculation may convince a court that a lower percentage is reasonable." *Id.* "Similarly, the lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted." *Id.* Thus, even when the primary basis of the fee award is the percentage method, "the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Id.* "The lodestar cross-check calculation need entail neither mathematical precision nor bean counting . . . [courts] may rely on summaries submitted by the attorneys and need not review actual billing records." *Covillo v. Specialtys Cafe*, No. C-11-00594-DMR, 2014 WL 954516, at *6 (N.D. Cal. Mar. 6, 2014) (internal quotation marks and citation omitted).

An attorney is also entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks and citation omitted).

**2. Discussion**

Class Counsel seeks $501,016 in fees; $47,189 in costs; and $5,000 each

for the Class Representatives. (ECF No. 57).

Addressing costs first, the Court does not hesitate to approve an award in the requested amount of $47,189. Class Counsel has submitted an itemized list of expenses. *See* (ECF No. 57-1 at ¶¶ 17-19; PA Fitzgerald Decl. ¶ 34). The Court has reviewed the list and finds the expenses to be reasonable, and the Court notes that counsel's expenses were actually higher than the requested amount.

The Court likewise is satisfied that the request for attorneys' fees is reasonable. The percentage-of-recovery method would award counsel about $312,000. *See In re Bluetooth*, 654 F.3d at 942. Given the risks involved, the results obtained, and counsel's hours and successful recovery, the Court finds that amount insufficient. If the case proceeded to trial, the risk would be a verdict for NextFoods and no recovery for the class. Counsel's work obtained an excellent result for the class. Counsel also obtained injunctive relief, which benefits the general public. Counsel's contingent fee also supports an increase above the 25% percentage of recovery. As in similar cases where courts awarded attorneys' fees above the percentage-of-recovery amount, the Court will do so here. *See Khoja v. Orexigen Therapeutics, Inc.*, No. 15-CV-00540-JLS-AGS, 2021 U.S. Dist. LEXIS 230105 (S.D. Cal. Nov. 30, 2021) (granting a 33.3% fee award); *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 U.S. Dist. LEXIS 95538, at *1 (N.D. Cal. July 11, 2014) (awarding 28% in attorneys' fees).

Counsel has submitted evidence detailing the reasonableness of their requested hourly rates, *see* (ECF No. 61), and other courts have approved similar rates, *see Testone v. Barlean's Organic Oils, LLC*, No. 19-cv-00169-RBM-BGS, 2023 U.S. Dist. LEXIS 37308 (S.D. Cal. Mar. 6, 2023); *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-02327-BAS-JLB, 2022 U.S. Dist. LEXIS 66016 (S.D. Cal., Apr. 8, 2022); *Loomis v. Slendertone Distrib.*, No., 19-cv-854-MMA (KSC), 2021 U.S. Dist. LEXIS 44047 (S.D. Cal. Mar. 8, 2021); *Hunter v. Nature's Way Prod., LCC*, No. 16-cv-532-WQH-AGS, 2020 U.S. Dist. LEXIS 1706 (S.D. Cal. Jan. 6, 2020).

Indeed, "courts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in range of $550 per hour to more than $1000 per hour." *Scott v. Blackstone Consulting, Inc.*, No. 21-cv-1470-MMA-KSC, 2024 U.S. Dist. LEXIS 13025, *24 (S.D. Cal. Jan 24, 2024). Considering the evidence submitted and the cases cited above, the Court finds the requested rates reasonable.

    The Court has also reviewed the billing records submitted by counsel and finds the hours billed reasonable. *See In re Bluetooth*, 654 F.3d at 941. In fact, counsel has demonstrated that the hours billed here are consistent with the hours counsel has billed in similar cases. See (ECF No. 57-1 at ¶ 9). The "multiplier" requested here is merely 1.0; based on counsel's excellent work and recovery, that is an appropriate and reasonable multiplier. *See Kelly v. Wengler*, 822 F.3d 1085, 1093, 1105 (9th Cir. 2016) (affirming lodestar multipliers of 2.0 and 1.3); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (upholding a 3.65 lodestar multiplier cross-check); *Ludlow v. Flowers Foods, Inc.*, Nos. 18-cv-01190-JO & 20-cv-02059-JO, 2024 U.S. Dist. LEXIS 47679, *27 (S.D. Cal. March 18, 2024) ("The Ninth Circuit has recognized that multipliers typically can range up to 4."); *Aboudi v. T-Mobile USA, Inc.*, No. 12-CV-2169-BTM, 2015 U.S. Dist. LEXIS 109054, *17 (S.D. Cal. Aug. 18, 2015) ("Multipliers of 1 to 4 are commonly found to be appropriate in common fund cases.").

    The Court has cross-checked the reasonable lodestar figure against the percentage-of-recovery method. *Dexter's LLC v. Gruma Corp.*, No. 23-cv-212-MMA-AHG, 2023 U.S. Dist. LEXIS 226093, *23-24 (S.D. Cal. Dec. 19, 2023) ("[T]he Ninth Circuit has encouraged district courts to cross-check any calculations done in one method against those of another method."). In doing so, the Court finds the lodestar figure reasonable. *See Clayton v. Knight Transp.*, No. 11-cv-00735-SAB, 2013 U.S. Dist. LEXIS 156647, at *23 (E.D. Cal. Oct. 30, 2013) (recognizing that some awards go up to 50%); *Cicero v. DiretTV, Inc.*, No. 07-1182,

2010 U.S. Dist. LEXIS 86920, at *17 (C.D. Cal. July 27, 2010) (same); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (N.D. Cal. 1995) (same).

For the reasons stated, the motion for attorneys' fees and expenses is **GRANTED**. Class Counsel is awarded $501,016 in fees and $47,189 in costs.

**B. Service Awards**

Class Representatives Evlyn Andrade-Heymsfield and Valerie Gates are seeking $5,000 each as service awards. Such awards "are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59 (internal citation omitted).

"Incentive awards typically range from $2,000 to $10,000." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015). Service awards as high as $5,000 are presumptively reasonable in this judicial district. *See, e.g.*, *Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2019 WL 2269958, *15 (S.D. Cal. May 28, 2019). Given the amount of time and assistance each Class Representatives put into the case and the success of the recovery, *see* Fitzgerald Decl. ¶¶ 20-23; Andrade-Heymsfield Decl. ¶¶ 5-7; Gates Decl. ¶¶ 7-10, service awards totaling $10,000 are appropriate and reasonable. *See In re Mego*, 213 F.3d at 463 (upholding service awards of $5,000 each to the two class representatives).

## IV. CONCLUSION

For the reasons stated, the motion for Settlement Final Approval is **GRANTED**. The motion for attorneys' fees, costs, and service awards is **GRANTED** as follows: Class Counsel is awarded $501,016 in fees and $47,189 in costs. Class Representatives Evlyn Andrade-Heymsfield and Valerie Gates are awarded $5,000 each as service awards.

Without affecting the finality of this order in any way, the Court retains

jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

      The parties shall file a post-distribution accounting no later than October 21, 2024.  The Court sets a compliance hearing on October 28, 2024, at 2:00 p.m.

**IT IS SO ORDERED.**

Dated:  April 8, 2024

_____
Honorable Barry Ted Moskowitz
United States District Judge